**PROFESSIONAL BONDSMEN OF TEXAS and The Panhandle Bondsmen Association, Relators,**

v.

**Honorable Darrell CAREY, County Court at Law Judge of Randall County, Texas.**

No. 07–88–0270–CV.

Court of Appeals of Texas, Amarillo.

Dec. 2, 1988.

Kent Birdsong, Amarillo, for relators.

Patrick H. Mulloy, Canyon, for respondent.

Before REYNOLDS, C.J., and DODSON and PIRTLE, JJ.

PIRTLE, Justice.

In this proceeding the Relators, Professional Bondsmen of Texas and The Panhandle Bondsmen Association, seek leave to file a petition for writ of mandamus to compel the Honorable Darrell Carey, Judge of the County Court at Law of Randall County, Texas, to rescind an alleged policy allowing criminal defendants to post cash bonds for a reduced amount as compared to surety or pretrial release bonds. For the reasons that follow, we overrule the Relators' motion for leave to file.

The Relators herein are involved in the business of providing surety bonds for the criminally accused. They contend that the Respondent has instituted a policy of setting differential bail bond amounts depending upon the type of bond, *i.e.*, a cash bond or a surety bond. The Relators further contend that the Respondent has issued directives to law enforcement agencies instructing those agencies to follow his differential bail bond guidelines and they request this Court to issue a writ of mandamus commanding the Respondent to change his policy and to rescind those directives. In response to this Court's request, the Respondent has answered by

denying the allegations and by challenging the Relators' entitlement to the relief requested.

■■■■ The gravamen of the Relators' complaint is that the Respondent's alleged policy violates both case law and express statute and that, therefore, mandamus should lie to compel the Respondent to follow the law. A writ of mandamus will issue to an inferior court to compel the performance of a certain and positive duty, made mandatory by law, if the performance of that duty is ministerial and involves no judicial discretion. *Stakes v. Rogers,* 139 Tex. 650, 165 S.W.2d 81 (1942). However, this Court has no authority to issue a writ of mandamus for the purpose of dictating the procedure of a lower tribunal or directing the exercise of its discretion. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). Furthermore, mandamus will issue only if the Relator has a clear legal right to the extraordinary relief and there is no other remedy that is effective and complete. *State v. Sewell,* 487 S.W.2d 716 (Tex.1972); *Maresca v. Marks,* 362 S.W.2d 299 (Tex.1962); *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956).

In deciding whether to grant the Relators' motion for leave to file the petition for writ of mandamus this Court must determine if it is of the tentative opinion that the Relators are entitled to the relief sought. Tex.R.App.P. 121(c). In making that determination, by necessity, we must examine the discretionary nature of setting differential bail bonds.

■■■ Article 17.01 of the Code of Criminal Procedure (Vernon 1977) defines "bail" as follows:

"Bail" is the *security* given by the accused that he will appear and answer before the proper court the accusation brought against him, and *includes a bail bond or a personal bond.* (Emphasis added).

Thus, bail is security given by the criminally accused for the purpose of effecting a temporary release. As can be seen from Article 17.01, bail can take at least two forms, a "bail bond" or a "personal bond." Article 17.02 of the Code of Criminal Proce-

dure (Vernon 1977) defines a "bail bond" as follows:

A "bail bond" is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States *in the amount of the bond in lieu of having sureties signing the same* .... (Emphasis added).

Therefore, it is clear that a bail bond can be satisfied by posting either a surety bond or a cash bond in the amount set by the court.

The amount of bail required in any case rests soundly in the discretion of the court, judge, magistrate, or officer taking the bail, guided by the Constitution and the principles set forth in Article 17.15 of the Code of Criminal Procedure (Vernon Supp. 1988). Accordingly, we must determine whether the Respondent in his discretion may set a differential bail bond amount depending upon whether a cash bond or a surety bond is used.

The Texas Attorney General has determined that courts have no discretion to set differential bail bond amounts depending upon whether the accused posts a cash bond or a surety bond. Op.Tex.Att'y Gen. No. JM–363 (1985). We agree.

■■■ Articles 17.01, 17.02, and 17.15 confer upon the court, judge, magistrate, or officer taking a bail bond broad discretion in setting the *amount* of bail, provided that that discretion is reasonably exercised. The authority granted under these statutes does not, however, vest the court with discretion to require a cash bond or surety bond to the exclusion of the other. *Ex parte Rodriquez,* 583 S.W.2d 792 (Tex. Crim.App.1979); *Ex parte Deaton,* 582 S.W.2d 151 (Tex.Crim.App.1979). It follows that the court does not have the discretion to set a differential bail bond amount depending upon whether a cash bond or a surety bond is used.

Having determined that the Respondent has a certain and positive duty, made mandatory by law, not to set differential bail bond amounts for the criminally accused, we must now determine whether the Relators have a clear right to the extraordinary relief requested. In making that determination, we are guided by the principle that the purpose and function of mandamus is to execute, not adjudicate. *Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939). No one accused of a crime, seeking release by the furnishing of a bail bond, cash, surety, or otherwise, is a party to this proceeding. It is not the function of mandamus to control, in an anticipatory sense, any action of an inferior court or judge, in a matter either actually or potentially within the jurisdiction of that court or judge. *Matthaei v. Clark*, 110 Tex. 114, 216 S.W. 856 (1919). This Court will not assume in advance that the Respondent intends to refuse to perform his duty to follow the law. The Relators have failed to present to this Court a justiciable controversy in which they have an interest. Therefore, they are not entitled to the relief requested. We express no opinion as to other remedies available to redress the Relators' grievances. Relators' motion for leave to file the petition for writ of mandamus is overruled.