Ernesto CASTANEDA, Appellant,

v.

Antonio "Tony" GONZALEZ, Appellee.

No. 13–97–897–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 3, 1998.

Alejandro Moreno, Jr., Edinburg, for Appellant.

Leo Villarreal, Kingsville, for Appellee.

Before Chief Justice SEERDEN, Justices DORSEY and CHAVEZ.

## OPINION ON MOTION FOR REHEARING

CHAVEZ, Justice.

We withdraw our opinion of October 1, 1998, and substitute this opinion in its place.

This is an accelerated appeal from the denial of a temporary injunction sought by Ernesto Castaneda, d/b/a Castaneda Nationwide Federal Bonding and Bail Bonds Company, Ltd. (Castaneda), against Antonio "Tony" Gonzalez in his official capacity as Sheriff of Kleberg County, Texas.[1] We affirm in part and reverse and remand in part.

---

1. An accelerated appeal is authorized by TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon 1997).

Castaneda, the sole proprietor of a bail bonding company, brought an action seeking declaratory judgment and a temporary injunction prohibiting Sheriff Gonzalez from: (A) requiring surety bonds for the full amount of the bail, but accepting only ten percent of the bail if paid in cash, and (B) requiring any person or entity desiring to post surety bonds to (1) fill out an application, (2) pledge certain collateral to the Sheriff to secure their bail bond obligations, (3) accept suspension of the person's authority to write bonds when in litigation concerning forfeitures, and (4) agree to indemnify the Sheriff for expenses and attorney fees in any litigation with him. Castaneda now appeals the trial court's denial of his request for a temporary injunction to restrain the Sheriff from accepting differential bail bonds and from enforcing his rules regulating the bail bond business in Kleberg County pending final trial.

█ In order to be entitled to a temporary injunction, the applicant must plead a wrongful act, a probable right of recovery on final trial, and a probable injury in the interim. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993); *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). The applicant, however, is not required to establish that he will prevail on final trial. *Sun Oil*, 424 S.W.2d at 218. The only issue before the trial court at a temporary injunction hearing is whether the applicant is entitled to the preservation of the status quo pending final trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). We review the trial court's determination of these issues under an abuse of discretion standard. *Id.*

█ Castaneda's first point of error challenges the denial of the temporary injunction pertaining to the Sheriff's practice of requiring surety bonds for the full amount of the bail, but accepting only ten percent of the bail if paid in cash. This practice, Castaneda contends, constitutes differential bail bond setting and has been declared to be illegal. *See Professional Bondsmen of Tex. v. Carey*, 762 S.W.2d 691, 693 (Tex.App.—Amarillo 1988, no writ) ( [a] court does not have the discretion to set a differential bail bond amount depending on whether a cash bond or

surety bond is used). Castaneda argues that by accepting differential bonds the Sheriff was acting ultra vires. Sheriff Gonzalez testified, however, that he did not set any bail bonds, but merely accepted the bonds as set by the various courts in the county. The Sheriff did acknowledge that the courts in the county followed the custom of requiring bail to be posted by surety bonds for the full amount of the bail, or cash in the amount of ten percent of the bail.

█ The Sheriff contends that Castaneda lacks standing to complain about differential bail bonds because he has suffered no injury. The Sheriff argues that, if differential bail bonds cause injury to anyone, that injury is suffered by individual criminal defendants, not bail bondsmen. We disagree. The right to earn a living by writing bail bonds is a property right that enjoys Constitutional protection. *Smith v. Decker*, 158 Tex. 416, 312 S.W.2d 632, 633 (Tex.1958); *Font v. Carr*, 867 S.W.2d 873, 875 (Tex.App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.). Castaneda sought a declaratory judgment and temporary injunction in this case to protect this constitutionally protected property right, which he contends is threatened by the collection of differential bail bonds and the rules imposed by the Sheriff. We hold that Castaneda has standing to bring this case.

█ The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail. TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1998); *Professional Bondsmen of Tex.*, 762 S.W.2d at 693. Once an accused gives the required bond as fixed by the courts, he must be released (by the Sheriff) from custody. TEX.CODE CRIM. PROC. ANN. art. 17.21, 17.29(a) (Vernon Supp.1998). There is no evidence in the record that the Sheriff set any bonds for prisoners entrusted to him.

In *Professional Bondsmen of Texas*, the case relied on by Castaneda, the court held that *courts* have no discretion to set differential bail bonds depending on whether the accused posts a cash bond or a surety bond. *Professional Bondsmen of Tex.*, 762 S.W.2d at 693. Because Castaneda has brought this action against the Sheriff, not a court, and

because the code of criminal procedure obligates a sheriff to comply with and enforce the terms of bail set by a court, Castaneda is not entitled to the relief sought. Castaneda's first point of error is overruled.

In point of error number two, Castaneda contends that the trial court erred in failing to restrain Sheriff Gonzalez from implementing his rules regulating the bail bond industry in Kleberg County because those rules are not authorized by statute.

Kleberg County is ineligible to establish a bail bond board as provided by article 2372p–3 of the revised civil statutes. Article 2372p–3, section 5(a) establishes a County Bail Bond Board in all counties having a population of 110,000 or more for purposes of regulating the bail bond industry in such counties. TEX. REV.CIV. STAT. ANN. art. 2372p–3 § 5(a) (Vernon Supp.1998). However, in counties having a population of less than 110,000, discretionary authority to create such a board is granted to the majority of the officers in the county who would be members of the board. *Id.* It is undisputed that Kleberg County has a population of less than 110,000, and the Sheriff acknowledges that no board has been created pursuant to article 2372p–3. There is also no evidence in the record, and the Sheriff does not contend, that the discretion to create a board under section 5(a) has been exercised. Because no bail board has been created in Kleberg County under article 2372p–3, chapter 17 of the code of criminal procedure controls the making of bail bonds in that county. *See Font*, 867 S.W.2d at 882 (in counties where the Act [2372p–3] does not apply, article 17.14 applies because there is no other regulatory scheme or regulatory body for bail bondsmen).

The rules complained about and promulgated by the Sheriff to regulate the bail bond industry in Kleberg County required any person or entity desiring to post surety bonds to: (1) fill out an application, (2) pledge certain collateral to the Sheriff to secure their bail bond obligations, (3) accept suspension of the person's authority to write bonds when in litigation concerning forfeitures, and (4) agree to indemnify the Sheriff for expenses and attorney fees in any litigation with the Sheriff. Sheriff Gonzalez argues that article 17.11 gives him the authority to require evidence of the sufficiency of the security offered by bondsmen. TEX. CODE.CRIM. PROC. ANN. art. 17.11 (Vernon 1977). Article 17.14 also provides that when the officer taking the bail is not fully satisfied as to the sufficiency of the security offered, further evidence shall be required before approving the bond. TEX.CODE.CRIM. PROC. ANN. art. 17.14 (Vernon 1977).

 The rule requiring bondsmen to fill out an application form is permissible under the Sheriff's authority to require evidence of the sufficiency of the security offered by bondsmen.[2] TEX.CODE CRIM. PROC. ANN. art. 17.11, 17.14 (Vernon 1977). However, the other rules implemented by the Sheriff do not pertain to evidence of the sufficiency of the security of the bail bond. The rules requiring bondsmen to accept suspension of their authority to write bonds when in litigation concerning forfeitures and agree to indemnify the Sheriff for expenses and attorney fees in any litigation with him are unrelated to the sufficiency of the security offered, and, therefore, the Sheriff has no authority to impose these requirements under articles 17.11 and 17.14. Similarly, there is no authority for the Sheriff to require the pledging of certain collateral. Under article 17.14, if the Sheriff is not satisfied with the sufficiency of the security offered, further *evidence* shall be required. TEX.CODE CRIM. PROC. ANN. art. 17.14 (Vernon 1977). To require bondsmen to actually pledge collateral, as the Sheriff seeks to do in this case, goes beyond the statutory authority to require further evidence, and is therefore impermissible.

 The Sheriff contends that there is no legal authority that prevents him from

---

2. We understand Castaneda to make distinct complaints, one concerning the rules imposed by the Sheriff, and another concerning the requirement of an application form in general. The rules complained of appear on the application form. Our holding that the requirement of an

application form in general was permissible under article 17 of the code of criminal procedure does not necessarily mean that the specific terms imposed on the application form used by the Sheriff were permissible.

**504**

imposing such requirements. However, the code of criminal procedure specifically prohibits the imposition of costs which are not expressly authorized by law. TEX.CODE CRIM. PROC. ANN. art. 103.002 (Vernon Supp. 1998); *Camacho v. Samaniego*, 831 S.W.2d 804, 812 (Tex.1992). In counties where a bail bond board exists, the board may only adopt such rules as are authorized by and are consistent with statutory authority, and may not adopt rules which impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions. *Texas Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 216 (Tex.Civ.App.—San Antonio 1980, no writ). We hold that, in counties where no bail bond board exists, an officer taking bail bonds is prohibited from adopting rules which exceed statutory authority in the same way bail bond boards are. The indemnity requirement, the requirement that certain collateral be pledged, and the requirement that a bondsmen forego any business in the bonding industry while litigation is pending exceed statutory authority by imposing costs that are not expressly authorized by law, and, therefore, are prohibited.

At oral argument the Sheriff argued that these requirements are not really requirements, but rather terms in an "invitation to contract." However, the Sheriff's appellate brief describes these terms as "new rules for qualifying to post surety bail bonds." At oral argument the Sheriff argued, to the contrary, that if a party wishing to post a bail bond could show the sufficiency of the security of the bond, it would be permitted to post the bond whether it had accepted the terms in the "invitation to contract" or not. There is nothing in the record to support this argument.

Rather, the record reflects that Castaneda has presented evidence that he has sufficient net worth to cover the bonds he wishes to file and filed an application in which he refused to accept the terms at issue in this case which the Sheriff now describes as part of an "invitation to contract." The record contains a list of bail bond companies that have been approved by the Sheriff, and Castaneda is not on the list. The Sheriff has not offered any explanation for Castaneda's exclusion from the list that might rebut the inference that Castaneda has been excluded for refusing to accept the terms at issue. When questioned about what explanation he had given Castaneda for failing to approve his bonding company, the Sheriff testified that he told Castaneda "he has got to complete the application." He also acknowledged that, since the other bonding companies in Kleberg County had accepted these provisions, it was "more than likely" that Castaneda would be required to accept them as well. We conclude that the Sheriff has made the terms at issue non-negotiable requirements for a bail bond company to file bonds in Kleberg County. As discussed above, the Sheriff is without legal authority to require these terms.

We affirm the order of the trial court denying a temporary injunction pertaining to differential bonds and the requirement of an application form. With regard to Castaneda's challenge to the rules requiring bondsmen to accept suspension of their authority to write bonds when in litigation concerning forfeitures, pledge certain collateral, and agree to indemnify the Sheriff for expenses and attorney fees in any litigation with him, we hold that the trial court abused its discretion in failing to find that Castaneda has shown that these rules constituted a wrongful act, that he has a probable right of recovery on final trial, and a probable injury in the interim. *See generally Walling*, 863 S.W.2d at 57. We reverse the trial court's order refusing to temporarily enjoin the Sheriff from enforcing rules requiring bondsmen to accept suspension of their authority to write bonds when in litigation concerning forfeitures, pledge certain collateral, and agree to indemnify the Sheriff for expenses and attorney fees in any litigation with him; and remand to the trial court with instructions to enter a temporary injunction in accordance with this opinion.