NUMBER 13-00-492-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


PEDRO SALAZAR AND WIFE, 

HINELDA SALAZAR
, Appellants,


v.



AEROPAJITA MATA AND 

ALBERT TREVINO
, Appellees.

___________________________________________________________________


On appeal from the 107th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Hinojosa, and Castillo


Opinion by Justice Dorsey



 This is an interlocutory appeal(1) of a temporary injunction. 
Appellants, Pedro and Hinelda Salazar, appeal the trial court's order
granting a temporary injunction enjoining them from foreclosing on a
home which they had sold to appellee, Aeropajita Mata.(2)

Procedural History


 On April 21, 1988, the Salazars sold a home in Brownsville, Texas
to Ricardo(3) and Aeropajita Mata. Aeropajita defaulted on the note, and
the property was eventually set for foreclosure on July 4, 2000. 
However on July 3, 2000, the trial court signed a temporary restraining
order, preventing the Salazars from foreclosing on the property. On
July 17, 2000, the trial court held an evidentiary hearing and on August
2, 2000, signed an order granting a temporary injunction. The
injunction prevented the Salazars from proceeding with a non-judicial
foreclosure on the property until the time that the trial court held a final
hearing on the full merits of this case. The Salazars appeal from that
order. 


Standard of Review


 The standard of review for the grant or denial of a temporary
injunction is abuse of discretion. Walling v. Metcalfe, 863 S.W.2d 56,
58 (Tex. 1993); Tenet Health Ltd. v. Zamora, 13 S.W.3d 464, 468 (Tex.
App.--Corpus Christi 2000, pet. dism'd w.o.j.). A trial court abuses its
discretion when it acts arbitrarily and unreasonably, without reference
to guiding rules or principals, or misapplies the law to the established
facts of the case. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985).

 To be entitled to a temporary injunction a plaintiff must show: (1)
that a wrongful act has occurred (i.e., that the plaintiff has a cause of
action against the defendant); (2) a probable right of recovery; and (3)
a probable injury in the interim. Walling, 863 S.W.2d at 57; Zamora, 13
S.W.3d at 468; Castaneda v. Gonzalez, 985 S.W.2d 500, 502 (Tex.
App.--Corpus Christi 1998, no pet.). The probable injury element
requires a showing that the harm is imminent, the injury would be
irreparable, and that the plaintiff has no other adequate legal remedy. 
Zamora, 13 S.W.3d at 468. A prerequisite for injunctive relief is actual
injury, the threat of imminent harm, or another's demonstrable intent to
do that for which injunctive relief is sought. Tri-State Pipe and Equip.,
Inc. v. Southern County Mut. Ins. Co., 8 S.W.3d 394, 401 (Tex.
App.­Texarkana 1999, no pet).

Analysis


 By two issues the Salazars assert that the trial court abused its
discretion in enjoining the foreclosure sale because appellees did not
plead a cause of action, and there was no evidence to support injunctive
relief. Appellees did not plead a cause of action against the Salazars. 
The evidence elicited at the evidentiary hearing did not show that the
Salazars committed a wrongful act and did not satisfy the requisite
elements of a temporary injunction. See Walling, 863 S.W.2d at 58. 
Accordingly, we hold that the trial court abused its discretion in
granting the temporary injunction and enjoining the Salazars from
foreclosing on the property. We sustain both issues. 

 The trial court's temporary injunction order is REVERSED, and the
cause is REMANDED to the trial court.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 22nd day of March, 2001.

1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (4) (Vernon
Supp. 2001); Tex. R. App. P. 28.1.
2. Appellees, Aeropajita Mata and Albert Trevino, have not filed a
brief with this Court.
3. After the purchase the Matas divorced, and Aeropajita has sole
interest in the contract for deed. Appellee, Albert Trevino, is renting the
subject property.