OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 7, 2002

The Honorable Danny Buck Davidson
Criminal District Attorney
123d Judicial District
110 South Sycamore
Carthage, Texas 75633

Opinion No. JC-0541

Re: Whether a sheriff in a county that does not have a bail bond board has the authority to post in the county jail a list of preapproved bondsmen (RQ-0517-JC)

Dear Mr. Davidson:

You ask whether a sheriff in a county that does not have a bail bond board has the authority to post in the county jail a list of preapproved bondsmen. We conclude that a sheriff is not authorized to post such a list.

You ask about the authority of a sheriff in a county that has not established a bail bond board under chapter 1704 of the Occupations Code. That chapter creates a board in each county with a population of 110,000 or more, and authorizes, but does not require, the establishment of a board in less populated counties. *See* TEX. OCC. CODE ANN. §§ 1704.002-.052 (Vernon 2002). In a county with a bail bond board, only a person who holds a license from the board may act as a bail bond surety in the county, with the limited exception of an attorney who represents the person in the criminal case for which the bond is given. *See id.* §§ 1704.151, .163. The sheriff must accept the bonds of sureties licensed by the bail bond board. *See id.* § 1704.201. The bail bond board must post "in each court having criminal jurisdiction in the county, and shall provide to each local official responsible for the detention of prisoners in the county, a current list of each licensed bail bond surety and agent of the bail bond surety in the county." *Id.* § 1704.105(a). In addition, chapter 1704 permits but does not require the posting of such a list in the county jail. *See id.* § 1704.105(b) ("A list of each licensed bail bond surety in a county may be displayed where prisoners are examined, processed, or confined.").

In a county without a bail bond board, the taking of bail bonds is generally governed by chapter 17 of the Code of Criminal Procedure. *See id.* § 1704.002; *see also Castaneda v. Gonzalez,* 985 S.W.2d 500, 503 (Tex. App.–Corpus Christi 1988, no writ) (in county where no bail bond board has been created, chapter 17 of the Code of Criminal Procedure controls the taking of bail bonds in that county). As chapter 17 governs the taking of bail bonds in the county at issue, we examine its provisions in some detail.

Chapter 17 authorizes an officer taking a bail bond to "require evidence of the sufficiency of the security offered." TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 1977). The sufficiency of the security offered by a surety is governed by articles 17.11 through 17.14. One surety shall be sufficient if

> such surety is worth at least double the amount of the sum for which he is bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances; and that he is a resident of this state, and has property therein liable to execution worth the sum for which he is bound.

*Id.* The officer taking the bail bond may require an affidavit attesting to the surety's worth. *Id.* art. 17.13. Article 17.14 provides that the officer may require further evidence "if the . . . officer taking the bail bond is not fully satisfied as to the sufficiency of the security offered . . . ." *Id.* art. 17.14. Under article 17.11, a person who has signed as a surety on a bail bond and is in default is disqualified to sign as a surety "so long as he is in default on said bond." *Id.* art. 17.11, § 2 (Vernon Supp. 2002).

Chapter 17 generally governs the taking of bail bonds on a bond-by-bond basis. A person acting as surety must be a Texas resident and offer sufficient security. *See id.* art. 17.11, § 1 (Vernon 1977). A person is disqualified to act as surety on a bond if in default on a prior bond. *See id.* art. 17.11, § 2 (Vernon Supp. 2002). With these exceptions, chapter 17 does not set forth qualifications for sureties. While articles 17.11 through 17.14 give an officer taking a bail bond broad discretion to determine whether the security offered by a surety is sufficient, *see* Tex. Att'y Gen. Op. No. DM-483 (1998) at 6 (Code of Criminal Procedure articles 17.11, 17.13 and 17.14 authorize sheriff taking bail bond to consider other bonds executed by surety), "chapter 17 does not require a person to obtain a license to be eligible to act as a surety nor does it authorize an officer taking a bond to require a surety to be licensed," Tex. Att'y Gen. LO-98-105, at 2-3. Furthermore, the authority to assess the sufficiency of the security offered is vested in "[e]very court, judge, magistrate or other officer taking a bail bond," TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 1977); *see also id.* arts. 17.20-.22 (provisions governing when a peace officer may set and take bail); chapter 17 does not vest any special authority in the sheriff.

And importantly, the authority of an officer taking a bond under chapter 17 of the Code of Criminal Procedure is even more limited with respect to some corporate sureties. An officer taking a bond lacks authority under articles 17.11 and 17.13 to question the solvency of a corporate surety authorized to do business in Texas by the Department of Insurance. *See Int'l Fid. Ins. Co. v. Sheriff of Dallas County*, 476 S.W.2d 115 (Tex. Civ. App.–Beaumont 1972, writ ref'd n.r.e.); *see also* Tex. Att'y Gen. Op. No. M-1060 (1972) (article 17.11, section 1 does not limit total number or amount of bail bonds corporate surety may make).

Both a judicial opinion and an opinion of this office have expressly concluded that these Code of Criminal Procedure provisions do not authorize a sheriff to adopt rules imposing a licensing

system for bail bond sureties akin to that set forth under chapter 1704 of the Occupations Code. *See Castaneda v. Gonzalez*, 985 S.W.2d 500 (Tex. App.–Corpus Christi 1998, no writ); Tex. Att'y Gen. LO-98-105. In *Castaneda*, the court noted that "[i]n counties where a bail bond board exists, the board may only adopt such rules as are authorized by and are consistent with statutory authority, and may not adopt rules which impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions." *Castaneda*, 985 S.W.2d at 504 (citing *Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 216 (Tex. Civ. App.–San Antonio 1980, no writ)). An officer taking bail bonds under chapter 17 of the Code of Criminal Procedure "is prohibited from adopting rules which exceed statutory authority in the same way bail bond boards" governed by chapter 1704 of the Occupations Code are limited to adopting rules authorized by and consistent with chapter 1704. *Castaneda*, 985 S.W.2d at 504.

The court in *Castaneda* concluded that the sheriff's authority to require evidence of the sufficiency of the security offered by bondsmen under articles 17.11 and 17.14 authorized the sheriff to require bondsmen to fill out an application form. *See id.* at 503. However, the sheriff lacked authority to impose substantive requirements not authorized by articles 17.11 and 17.14:

> The rules requiring bondsmen to accept suspension of their authority to write bonds when in litigation concerning forfeitures and agree to indemnify the Sheriff for expenses and attorney fees in any litigation with him are unrelated to the sufficiency of the security offered, and, therefore, the Sheriff has no authority to impose these requirements under articles 17.11 and 17.14. Similarly, there is no authority for the Sheriff to require the pledging of certain collateral. Under article 17.14, if the Sheriff is not satisfied with the sufficiency of the security offered, further evidence shall be required. To require bondsmen to actually pledge collateral, as the Sheriff seeks to do in this case, goes beyond the statutory authority to require further evidence, and is therefore impermissible.

*Id.* (citation omitted).

You ask whether a sheriff is authorized by chapter 17 to post in the county jail a list of preapproved bondsmen. You explain that bondsmen in your county submit "an application for proof of sufficiency of security" to the county sheriff.[1] The list of preapproved bondsmen "is derived from the application process." Request Letter, *supra* note 1, at 2. The sheriff supplies inmates with this list and local telephone books: "Inmates are not limited to the list and may contact any person, attorney, firm, company, surety, or bondsman they wish." *Id.* at 1.

---

[1]Letter from Honorable Danny Buck Davidson, Criminal District Attorney, 123d Judicial District, to Honorable John Cornyn, Texas Attorney General, at 1 (received Feb. 27, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

We conclude that the posting of such a list exceeds the authority of a sheriff under chapter 17. Clearly, chapter 17 authorizes an officer taking a bond to require proof of the sufficiency of security offered by the bondsmen, proof that the officer could require in the form of an application. *See Castaneda*, 985 S.W.2d at 503 ("The rule requiring bondsmen to fill out an application form is permissible under the Sheriff's authority to require evidence of the sufficiency of the security offered by bondsmen."). Arguably, chapter 17 might authorize a sheriff to preapprove bondsmen on a voluntary basis, provided that the officer taking a bond from a preapproved bondsman verifies that the bondsman's security is still sufficient, *see, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 17.11, §§ 1- 2 (Vernon 1977 & Supp. 2002) ("any person who has signed as a surety on a bail bond and is in default thereon shall thereafter be disqualified to sign as a surety so long as he is in default on said bond"), and provided that those who have not been preapproved are not precluded from executing bonds.

But no provision in chapter 17 expressly authorizes a sheriff to provide a list of preapproved bondsmen to inmates, and we do not believe that this authority may be implied. Chapter 17 provides authority for the taking of bonds in individual cases; it does not address the sheriff's provision of information to inmates. Furthermore, as we have noted, a sheriff is not authorized to question the sufficiency of a state-regulated corporate surety's security. *See Int'l Fid. Ins. Co.*, 476 S.W.2d at 120 (sheriff "does not have any discretion in the determination of the sufficiency of the surety when the surety upon the bond tendered for approval is an insurance company authorized to do fidelity and surety business in Texas"). A list of bondsmen whose security has been preapproved by the sheriff under chapter 17 would omit corporate sureties that might also be eligible to execute bonds in the county. By contrast, the list of licensed bail bond sureties that chapter 1704 of the Occupations Code permits to be displayed "where prisoners are examined, processed, or confined" includes every surety eligible to execute bail bonds in the county. *See* TEX. OCC. CODE ANN. §§ 1704.105(b) (bail bond surety list), .152 (licensing requirements for both individuals and corporations qualified to write fidelity, guaranty, and surety bonds under the Insurance Code).

In sum, chapter 17 of the Code of Criminal Procedure does not provide a statutory basis for a sheriff to provide a list of preapproved bondsmen to inmates. A sheriff has only those powers that are provided by the legislature. *See* TEX. CONST. art. V, § 23 (sheriff's "duties, qualifications, perquisites, and fees of office[] shall be prescribed by the Legislature"). We have not located any other statute that expressly or impliedly provides such authority. The sheriff's position as the keeper of the county jail authorizes the sheriff to provide individuals who are arrested in the county and detained in the county jail with information that will enable them to contact potential bondsmen, to facilitate their release on bail. *See* TEX. LOC. GOV'T CODE ANN. § 351.041 (Vernon 1999) (sheriff is the keeper of the county jail); *see also* TEX. CONST. art. 1, § 11 (right to bail). The sheriff may provide detainees with telephone books and may compile and provide detainees with a comprehensive list of all persons who wish to execute bail bonds in the county. But the authority to provide information does not authorize a sheriff to provide information that distinguishes between preapproved and other potential sureties. Accordingly, we conclude that a sheriff is not authorized to post in the county jail a list of preapproved bondsmen.

## S U M M A R Y

A sheriff in a county that does not have a bail bond board is not authorized to post in the county jail a list of preapproved bondsmen.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee