

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 27, 2003

The Honorable Ken Armbrister
Chair, Senate Committee on Natural Resources
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. GA-0048

Re: Authority of a judge or magistrate to attach a financial condition to a personal bond or to permit a cash deposit of less than the full bail amount (RQ-0618-JC)

Dear Senator Armbrister:

You ask whether a judge or magistrate may permit or require a defendant to deposit cash with the court in less than the full amount of bail set by the court, or to attach a financial condition to a personal bond.

Your question is prompted by what you characterize as the apparent "practice in some counties for judges to approve the release of criminal defendants upon the deposit with the county of 10% of the face amount of the bond."[1] The manner in which this is generally done "is to authorize the defendant's release on a personal bond with an additional condition that the defendant make this financial deposit." Request Letter, *supra* note 1, at 1. You characterize this practice as "some hybrid form of personal bond and cash bond." *Id.*

"Bail" is defined by article 17.01 of the Code of Criminal Procedure as "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond." TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 1977). "Bail bond" is defined by article 17.02 as "a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation." *Id.* art. 17.02. Article 17.03 provides in pertinent part that "a magistrate may, in the magistrate's discretion, release the defendant on his personal bond without sureties or other security." *Id.* art. 17.03 (Vernon Supp. 2003) (emphasis added).

Article 17.02 also provides that in lieu of sureties a defendant "may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United

---

[1]Letter from Honorable Ken Armbrister, Chair, Senate Committee on Natural Resources, to Honorable John Cornyn, Texas Attorney General at 1 (Sept. 27, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

States in the amount of the bond." *Id.* art. 17.02 (Vernon 1977). As you point out, this language does not authorize a deposit of anything less than the face amount of the bond. Request Letter, *supra* note 1, at 1. Nor does the language of article 17.03 permit the attachment of a financial condition to a personal bond, which specifically excludes "sureties or other security." TEX. CODE CRIM. PROC. ANN. art. 17.03 (Vernon Supp. 2003). Given the language of articles 17.02 and 17.03, therefore, you suggest that there is no statutory authority for the kind of "hybrid . . . bond" you describe. Request Letter, *supra* note 1, at 1-2.

Two prior opinions of this office address similar practices and find them unwarranted. Attorney General Opinion JM-363 (1985) rejected the suggestion that a court might "set the amount of bail but agree to accept a cash percentage in lieu of that amount" on the ground that such a practice was not "authorized by [article] 17.02" of the Code of Criminal Procedure. Tex. Att'y Gen. Op. No. JM-363 (1985) at 2. Attorney General Opinion JC-0215 (2000) considered a similar practice, requiring what was referred to as a "split bond" – a bond designated in part as a personal bond and in part as a surety bond. That opinion concluded that "a magistrate may not order a bailable defendant to satisfy a split bond. A personal bond is, by definition, incompatible with a bail bond." Tex. Att'y Gen. Op. No. JC-0215 (2000) at 3.

It has been suggested, in a brief presented to this office, that authority for a bond of this sort may be found in the discretionary power over bail provided by article 17.15 of the Code, which states, "The amount of bail to be required in any case is to be regulated by the court, judge, magistrate, or officer taking the bail; . . ." TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp. 2003). The brief argues that the court can regulate the amount of bail "by setting one amount for a cash bond and another amount for a surety bond. There is no statutory prohibition anywhere in CCP Chapter 17 to prevent the court from setting one bond amount to be posted in cash and another amount to be posted by surety bond."[2] The brief also suggests that Attorney General Opinion JM-363 (1985) was wrongly decided. This argument, however, is answered by *Professional Bondsmen of Texas v. Carey*, 762 S.W.2d 691 (Tex. App.–Amarillo 1988, no writ), which specifically affirms JM-363 (1985), and *Ex parte Tucker*, 977 S.W.2d 713 (Tex. App.–Fort Worth 1998), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (per curiam).

In *Professional Bondsmen*, the Amarillo Court of Appeals considered whether article 17.15 vested a magistrate with sufficient discretion to establish a policy setting lower amounts for cash bonds than for surety bonds. The court rejected this argument:

> The Texas Attorney General has determined that courts have no discretion to set differential bail bond amounts depending upon whether the accused posts a cash bond or a surety bond. Tex. Att'y Gen. Op. No. JM-363 (1985). We agree.

---

[2]Brief from Honorable Ken Sparks, County Attorney, Colorado County, to Opinion Committee, Attorney General's Office (Nov. 20, 2002) (on file with Opinion Committee).

> Articles 17.01, 17.02, and 17.15 confer upon the court, judge, magistrate, or officer taking a bail bond broad discretion in setting the *amount* of bail, provided that that discretion is reasonably exercised. The authority granted under these statutes does not, however, vest the court with discretion to require a cash bond or surety bond to the exclusion of the other. *Ex parte Rodriguez*, 583 S.W.2d 792 (Tex. Crim. App. 1979); *Ex parte Deaton*, 582 S.W.2d 151 (Tex. Crim. App. 1979). It follows that the court does not have the discretion to set a differential bail bond amount depending upon whether a cash bond or a surety bond is used.

*Prof'l Bondsmen of Tex.*, 762 S.W.2d at 693.

In *Ex parte Tucker*, the Fort Worth Court of Appeals considered the argument that article 17.15 "is an implicit grant of authority to the trial court to set reasonable conditions on bond." *Ex parte Tucker*, 977 S.W.2d at 716. The court rejected this contention:

> [W]e find that the Legislature's express enumeration of the specific bond conditions included in Chapter 17 are an *exclusive* grant of authority to the trial court to condition a defendant's pre-trial release. Accordingly, we hold that the trial court does not have inherent authority to impose conditions on a defendant's pre-trial bond that are not authorized by statute and further, that article 17.15 does not implicitly authorize other conditions not expressly stated.

*Id.* at 717.

In light of the statutory language of articles 17.02 and 17.03 of the Code of Criminal Procedure, as well as the holdings in *Professional Bondsmen* and *Ex parte Tucker* and of Attorney General Opinions JM-363 (1985) and JC-0215 (2000), we conclude that a court does not have the authority to attach a financial condition to a personal bond, or to permit or require a cash deposit of less than the full amount of the bail set. Article 17.15 of the Code of Criminal Procedure grants a court discretionary authority to set the *amount* of bail, but not to require that bail be secured in a particular manner, or to impose conditions not contemplated by chapter 17.

## S U M M A R Y

A judge or magistrate may not attach a financial condition to a personal bond, or authorize the deposit of less than the full cash amount of bail.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee