# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00542-CV

In re Jennifer A. Tharp

ORIGINAL PROCEEDING FROM COMAL COUNTY

**O P I N I O N**

Relator Jennifer A. Tharp, the District Attorney of Comal County, has filed a petition for writ of mandamus seeking relief from an order of the district court that permits Real Party in Interest Lakisha Deshon Wilson, whom the record reflects is currently in jail pending trial on criminal charges, to make bail by depositing into the court's registry ten percent of the bail bond amount set by the court. For the reasons explained below, we will conditionally grant relief.

The record reflects that Wilson has been charged by a three-count indictment with the offenses of engaging in organized criminal activity—fraudulent possession of identifying information; possession of identifying information; and engaging in organized criminal activity, namely, burglary of a motor vehicle. The magistrate originally set bail at $35,000 each for the first two counts and $20,000 for the third. Wilson filed a motion to reduce bond. On August 25, 2011, the district court held a hearing on Wilson's motion.

At the hearing, the district court granted Wilson's motion to the extent of reducing each of Wilson's bonds by $5,000, setting bond at $30,000 each for the first two counts and $15,000 for the third. Immediately after orally ordering the bond reductions, however, the district court

*sua sponte* "authorize[d] ten percent of the cash deposit into the registry of the court." The State objected, stating, "There's case law that says you can't do a differential bond, Your Honor." The district court, in substance, overruled the objection.[1] Following the hearing, relator filed her petition for writ of mandamus and an application for temporary stay pending our disposition of the petition. We granted the request for temporary relief to the extent of staying, pending further orders of this Court, the district court's order authorizing the real party in interest to make bail with a ten-percent cash deposit. We also requested that the real party in interest file, not later than September 12, 2011, a response to the mandamus petition and, if she wished, our order granting temporary relief. The deadline has passed without the real party in interest filing a response to either the mandamus petition or our previous order.

To be entitled to a writ of mandamus in a criminal case, relator must demonstrate that: (1) there is no adequate remedy at law, and (2) there is a clear and indisputable right to the relief sought. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). Relator has no adequate remedy at law—she cannot challenge the district court's order on appeal or through some other procedure. *See id.*; *see also* Tex. Code Crim. Proc. Ann. art. 44.01(a) (West Supp. 2010) (listing trial court orders from which State may appeal). The pivotal question is thus "whether the State has a clear and indisputable right to the relief sought." *Patrick*, 86 S.W.3d 594. For the relator to satisfy this requirement, the merits of the relief sought must be "beyond dispute." *Winters v. Presiding Judge of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003). "The

---

[1] The court responded to the objection with the statement that, "If you'd like to appeal me, you may."

2

requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *Id.*

Relator characterizes the district court's action as "setting and ordering a differential bond." In relator's view, this action was a clear abuse of the district court's discretion, and the district court "lacked the jurisdiction or authority" to issue such an order. We are compelled to agree.

"Bail" is the security given by the accused that he will appear and answer before the proper court the accusation brought against him. Tex. Code Crim. Proc. Ann. art. 17.01 (West 2005). There are two basic types of bonds, a bail bond or a personal bond. *Id.* A "bail bond" is a written undertaking entered into by the defendant and the defendant's sureties for the appearance of the principal therein before a court or magistrate to answer a criminal accusation. *Id.* art. 17.02 (West 2005). A "personal bond," in contrast, is a bond with no sureties or other security. *Id.* arts. 17.03-.04 (West 2005). In this case, the district court required a "bail bond" instead of opting to release the real party in interest on a personal bond.

Under article 17.02 of the code of criminal procedure—the provision governing bail bonds—a defendant may also make a cash deposit in lieu of having sureties sign the bond. *Id.* art. 17.02. However, the Legislature explicitly required that this cash deposit be "in the amount of the bond":

> A "bail bond" is a written undertaking entered into by the defendant and the defendant's sureties for the appearance of the principal therein before a court or magistrate to answer a criminal accusation; provided, however, that the defendant on execution of the bail bond may deposit with the custodian of funds of the court in

3

which the prosecution is pending current money of the United States *in the amount of the bond* in lieu of having sureties signing the same.

*Id.* (emphasis added). By permitting the real party in interest to make bond with a cash deposit equal to ten percent of the bond amount it had set, the district court exceeded its statutory discretion. *See State ex rel. Vance v. Routt*, 571 S.W.2d 903, 908 (Tex. Crim. App. 1978) (mandamus is available to correct trial court's "failure to follow the dictates" of controlling statutes); *see also Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.) (trial court has no discretion to misinterpret or misapply statute).

Precedents from our sister courts are consistent with this conclusion. *See Professional Bondsmen of Tex. v. Carey*, 762 S.W.2d 691, 692-93 (Tex. App.—Amarillo 1988, no writ) (holding that trial court had no discretion to set a "differential bond," i.e., one requiring a higher amount for a surety bond and a reduced amount for a cash deposit); *see also Castaneda v. Gonzalez*, 985 S.W.2d 500, 502-03 (Tex. App.—Corpus Christi 1998, no pet.) (citing *Carey* for proposition "that *courts* have no discretion to set differential bail bonds depending on whether the accused posts a cash bond or a surety bond" but declining to apply it in suit brought against sheriff's office); Tex. Att'y Gen. Op. No. JM-363 (1985) (describing differential bonds and concluding that they are not permitted). Although other decisions have suggested that trial courts might have some discretion to set "split" bonds that are part surety bond and part personal bond,[2] the

---

[2] *See Frontier Ins. Co. v. State*, 64 S.W.3d 481, 483 (Tex. App.—El Paso 2001, no pet.); *Allegheny Cas. Co. v. State*, 52 S.W.3d 894, 900 (Tex. App.—El Paso 2001, no pet.); *but see* Tex. Att'y Gen. Op. No. JC-0215 (2000) (describing split bonds and concluding that they are not permitted).

district court, again, did not purport to order a personal bond in whole or in part. Accordingly, article 17.02 governs, and it afforded the court no discretion to permit the real party in interest to make bond with a cash deposit lower than the amount the court had set.

We conditionally grant relator's petition for writ of mandamus and direct the district court to vacate its order permitting the real party in interest to make bail by depositing ten percent of the bond amount into the court's registry. The writ will issue only if the district court fails to take appropriate action in accordance with this opinion.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Filed: October 5, 2011