

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 17, 2012

The Honorable Paul Johnson
Denton County Criminal District Attorney
Post Office Box 2850
Denton, Texas 76202

Opinion No. GA-0960

Re: Refund of cash bail bonds under article 17.02, Code of Criminal Procedure (RQ-1045-GA)

Dear Mr. Johnson:

You pose several questions about the refund of cash bail bonds and the possible conflict between article 17.02 of the Code of Criminal Procedure and section 117.055 of the Local Government Code.[1]

Bail is "the security given by the accused that he will appear and answer before the proper court the accusation brought against him." TEX. CODE CRIM. PROC. ANN. art. 17.01 (West 2005). Under the Code of Criminal Procedure, bail can take at least two forms, a bail bond or a personal[2] bond. *See id.*; *see also In re Tharp*, 351 S.W.3d 598, 600 (Tex. App.—Austin 2011, no pet.) (characterizing the two types of bonds). A bail bond can be satisfied through either a third-party surety guaranteeing the appearance of the defendant or by the defendant's depositing a set amount of cash with the court. *See* TEX. CODE CRIM. PROC. ANN. art. 17.02 (West Supp. 2011); *see also Prof'l Bondsmen of Tex. v. Carey*, 762 S.W.2d 691, 693 (Tex. App.—Amarillo 1988, no writ) ("[I]t is clear that a bail bond can be satisfied by posting either a surety bond or a cash bond in the amount set by the court."). Such a cash deposit by a defendant is a cash bail bond. *See Melton v. State*, 993 S.W.2d 95, 97 (Tex. 1999).

Article 17.02 provides for the refund of a cash bail bond. *See* TEX. CODE CRIM. PROC. ANN. art. 17.02 (West Supp. 2011). Prior to a 2011 amendment, article 17.02 provided that the refund of a cash bail bond could be made only to the defendant. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 374 ("Any cash funds deposited . . . shall be refunded to the defendant . . . ."); *see also* Tex. Att'y Gen. Op. Nos. GA-0773 (2010) at 2 (noting article 17.02's

---

[1]Letter from the Office of Denton Cnty. Criminal Dist. Att'y, Honorable Paul Johnson, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Mar. 8, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]A personal bond is a bond with no sureties or other security. *See* TEX. CODE CRIM. PROC. ANN. arts. 17.03 (West Supp. 2011) (providing for personal bonds), 17.04 (West 2005) (providing the requisites of a personal bond).

mandatory duty to refund the cash bond to the defendant), JC-0024 (1999) at 2 (recognizing that cash bail bond refund belongs to the defendant).  With the amendment, article 17.02 now provides that

> [a]ny cash funds deposited under this article shall be receipted for by the officer receiving the funds and, on order of the court, be refunded, after the defendant complies with the conditions of the defendant's bond, to:
>
> (1)   any person in the name of whom a receipt was issued, in the amount reflected on the face of the receipt, including the defendant if a receipt was issued to the defendant; or
>
> (2)   the defendant, if no other person is able to produce a receipt for the funds.

TEX. CODE CRIM. PROC. ANN. art. 17.02 (West Supp. 2011).

The other provision about which you ask is section 117.055 of the Local Government Code. It pertains to the administration of county expenses and provides that

> [t]o compensate the county for the accounting and administrative expenses incurred in handling the registry funds[3] that have not earned interest, including funds in a special or separate account, the clerk shall, at the time of withdrawal, deduct from the amount of the withdrawal a fee in an amount equal to five percent of the withdrawal but that may not exceed $50.

TEX. LOC. GOV'T CODE ANN. § 117.055 (West 2008) (footnote added).

You seek clarification on the following questions relating to the two provisions:

> (1)  If a court orders a cash bond refund, are the requirements of article 17.02(1) met if a clerk withdraws from the registry the amount reflected on the face of the receipt, deducts the handling fee provided for in [section] 117.055, and refunds the balance to the person in whose name the receipt was issued?

---

[3]"Registry funds" subject to chapter 117 are "funds tendered to the clerk for deposit into the registry of the court." TEX. LOC. GOV'T CODE ANN. § 117.001(3) (West 2008).  These funds include funds deposited as a cash bail bond. *See id.* § 117.052(c)(6); Tex. Att'y Gen. Op. Nos. DM-282 (1994) at 2 (concluding that cash bail bonds fall within the scope of chapter 117); JM-1162 (1990) at 2 (same).  You do not tell us whether the cash bail bonds are deposited in non-interest bearing accounts.  Because you ask specifically about section 117.055, we assume for purposes of this opinion that they are.

(2)  May a court include in its refund order instructions to deduct the handling fee provided for in [section] 117.055? Is this necessary before a clerk may deduct the fee from the amount refunded to a person described in [article] 17.02(1) (a person in whose name a receipt was issued)?

(3)  Does [article] 17.02(2) presume that a receipt was issued in the name of someone other than the defendant?

(4)  Does [article] 17.02(1) require the person named in the receipt (defendant or other named person) to produce his own receipt before the refund will be issued? Or, may the clerk issue a refund to the person named in the (state's copy of the) receipt? If so, what identification, if any, must the clerk require of the named person before issuing the refund?

(5)  How may the clerk determine when a person is "unable to produce a receipt." For example, is the person entitled to notice of the refund order and an opportunity to claim his refund within a certain time?

Request Letter at 3.

Because under former article 17.02 all cash deposited as a bail bond was to be refunded to the defendant, and under section 117.055 an administrative fee was to be withheld from a cash bail refund, this office previously determined that the two provisions irreconcilably conflicted and that section 117.055, as the later-enacted statute, prevailed. *See* Tex. Att'y Gen. Op. No. JC-0163 (1999) at 3. We subsequently reaffirmed that conclusion. *See* Tex. Att'y Gen. Op. No. GA-0436 (2006) at 2, 4 (concluding that because article 17.02 had not been amended subsequent to the issuance of Opinion JC-0163, section 117.055 remained the later-enacted statute and still prevailed).

Because the Legislature amended article 17.02 in 2011, we must reconsider those opinions. The new language in subarticle 17.02(1) requires the cash bail bond refund to be "in the amount reflected on . . . the receipt." TEX. CODE CRIM. PROC. ANN. art. 17.02(1) (West Supp. 2011). By referring to the receipt, which is issued with respect to "*any* cash funds deposited under this article," subarticle 17.02(1) re-enacts the statutory requirement that the full amount paid as the cash bail bond must be returned. *See id.* (emphasis added). *Cf. McConathy v. State*, 528 S.W.2d 594, 596 (Tex. Crim. App. 1975) (recognizing that the primary purpose of a bail bond, including a cash bail bond, is to secure the trial of the accused, and "is not a revenue measure intended to be a substitution for a fine"). Accordingly, article 17.02 as amended continues to conflict irreconcilably with section 117.055, which requires the deduction of a fee. Because the 2011 amendment is the most recent legislative enactment, subarticles (1) and (2) are now the later-enacted provisions and therefore prevail over section 117.055 with respect to cash bail bond refunds. *See* TEX. GOV'T CODE ANN.

§ 311.025(a) (West 2005); *see also Clark v. Young*, 787 S.W.2d 166, 168–69 (Tex. App.—Fort Worth 1990, writ denied) (stating that "we assume section 311.025 rests upon the presumption that when enacting new law that is in conflict with older law, it is presumed that the legislature intends to amend the older law").

This conclusion requires that your first two questions be answered in the negative because the amended statute prohibits the county from deducting the fee. Although Attorney General Opinions JC-0163 and GA-0436 correctly interpreted the law as it existed at the time they were each issued, their conclusion that a county may deduct the fee was superseded by the 2011 amendment to article 17.02.

Your remaining questions are not purely legal questions but instead raise practical and logistical considerations that must be addressed by the county clerk in the first instance. Accordingly, they are inappropriate for the opinion process and we do not address them. *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1 (stating that "the role of the opinion committee is to advise authorized requesters about purely legal questions").

## S U M M A R Y

Due to the recent legislative amendment to article 17.02 of the Code of Criminal Procedure, a county is no longer entitled to deduct a fee for accounting and administrative expense from the refund of a cash bail bond.

Attorney General Opinions JC-0163 and GA-0436 are superseded due to legislative enactment.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee