

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

February 6, 2017

The Honorable Timothy J. Mason
Andrews County Attorney
121 Northwest Avenue A
Andrews, Texas 79714

Opinion No. KP-0132

Re: Authority of a reserve deputy sheriff to act as a surety on a bail bond (RQ-0123-KP)

Dear Mr. Mason:

You have requested an opinion from this office regarding whether a reserve deputy sheriff may act as a surety on a bail bond.[1] Your request raises three specific but related concerns. Request Letter at 1. We first address whether a reserve deputy sheriff is eligible to sign as a surety on a bail bond made in the county in which the deputy serves. *Id.*

Chapter 17 of the Code of Criminal Procedure governs the eligibility of sureties for bail bonds made in Andrews County.[2] Chapter 17 contains certain eligibility requirements for bail-bond sureties and disqualifies certain individuals from acting as a surety on a bail bond, including felons and minors. *See* TEX. CODE CRIM. PROC. arts. 17.10 ("Disqualified sureties"), 17.11, § 1 (individual acting as surety must be a Texas resident and offer sufficient security), 17.11, § 2 (default on bail bond disqualifies individual from acting as surety on another bond). Assuming a reserve deputy sheriff meets these eligibility requirements, nothing in the statute would otherwise render a reserve deputy sheriff ineligible to sign as a surety on a bail bond. *See id.* arts. 17.08 ("Requisites of a bail bond"), 17.10–.11; *see also* Tex. Att'y Gen. Op. No. GA-0288 (2004) at 1–2 ("[C]hapter 17 of the Code of Criminal Procedure establishes very few qualifications for a person to act as an individual surety.").

You additionally ask whether a sheriff may accept a bail bond listing a reserve deputy sheriff as a surety. Request Letter at 1. Chapter 17 authorizes a sheriff to accept bail bonds from

---

[1]*See* Letter from Honorable Timothy J. Mason, Andrews Cty. Att'y, to the Op. Comm., Office of the Tex. Att'y Gen. at 1 (Aug. 1, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]While chapter 1704 of the Occupations Code regulates bail bond sureties, the provisions of that chapter apply only to counties having a population of 110,000 or more, or in counties of less than 110,000 that have established a bail bond board. *See* TEX. OCC. CODE § 1704.002. Chapter 17 of the Code of Criminal Procedure—rather than chapter 1704 of the Occupations Code—governs the taking and approval of bail bonds in Andrews County, which as you inform us does not have a large enough population to fall under chapter 1704 and has not exercised the option to establish a bail bond board. *See* Request Letter at 1; *see also* TEX. OCC. CODE § 1704.002; *Castaneda v. Gonzales*, 985 S.W.2d 500, 503 (Tex. App.—Corpus Christi 1998, no pet.).

defendants accused of misdemeanor and felony offenses. TEX. CODE CRIM. PROC. arts. 17.20–.21. Again, provided that the bond meets the necessary statutory prerequisites and the surety satisfies the aforementioned eligibility requirements, the statute does not expressly prohibit a sheriff from accepting a bail bond listing a reserve deputy sheriff as a surety. *See id.* arts. 17.08, 17.10–.11.

Beyond these requirements, we last address whether any other legal authority exists that would prohibit a reserve deputy sheriff from acting as a surety on a bail bond in the county where the deputy serves. Request Letter at 1. Chapter 171 of the Local Government Code governs local public officials' conflicts of interest, including conflicts involving sureties and other business interests. TEX. LOC. GOV'T CODE §§ 171.003–.004, .007(a). The statutory definition of a "local public official" to whom chapter 171 applies includes an "officer, whether elected, appointed, paid, or unpaid, of any . . . county . . . who exercises responsibilities beyond those that are advisory in nature." *Id.* § 171.001(1). With regard to the appointment and responsibilities of reserve deputy sheriffs, the sheriff appoints these deputies and calls them into service when additional officers are necessary "to preserve the peace and enforce the law." *Id.* § 85.004(a)–(b). Reserve deputy sheriffs serve at the discretion of the sheriff, but when on duty and actively engaged in their assigned duties, the law vests them with "the same rights, privileges, and duties as any other peace officer of the state." *Id.* § 85.004(b), (d).

We need not reach the question of applicability, however, because even when chapter 171 applies, it does not bar a local public official from acting as a surety on a bail bond.[3] *See id.* § 171.003 (list of acts that are offenses prohibited under chapter 171). Rather, chapter 171 only prohibits a local public official from acting as a surety on an official bond required of a governmental officer or as a "surety for a business entity that has work, business, or a contract" with a government entity. *Id.* § 171.003(a)(2)–(3). Although a bail bond is a contract with the county, the prohibition against acting as a surety on a contract applies to only a local public official acting as a surety for a "business entity." *Id.* § 171.003(a)(2); *see also* Tex. Att'y Gen. Op. No. JC-0121 (1999) at 1 ("[A] bail bond is a contract to which the county is a party and in which a surety has an interest."). For purposes of chapter 171, the term "business entity" does not include individuals. TEX. LOC. GOV'T CODE § 171.001(2). Thus, section 171.003(a)(2) does not prohibit a local public official from acting as a surety for an individual, such as a bail bond contract made to secure the release of an individual defendant from the State's custody. *See* TEX. CODE CRIM. PROC. art. 17.02 (defining "bail bond").[4] Beyond the authorities discussed, we find no other law

---

[3]No authorities of which we are aware address whether the term "officer" as used in section 171.001(1), includes peace officers of this State. *Cf.* Tex. Att'y Gen. Op. No. GA-0402 (2006) at 1 (concluding that deputy sheriff is not an officer for purposes of article 16, section 40 of the Texas Constitution).

[4]Section 171.004 of chapter 171 contains additional restrictions for local public officials who must participate in a vote or decision effecting a business entity in which the official has a substantial interest, including disclosure and abstention requirements. TEX. LOC. GOV'T CODE § 171.004. Nothing in your letter indicates that the reserve deputy sheriff has a substantial interest in any business entity. *See* Request Letter at 1. Regardless, this office has previously concluded that certain law enforcement action, including the performance of statutory duties related to bail bonds, is not a "decision" triggering application of section 171.004's abstention and disclosure requirements. *See* Tex. Att'y Gen. Op. No. GA-0784 (2010) at 4.

that would prohibit either a reserve deputy sheriff from acting as a surety on a bail bond or a sheriff from accepting such a bond.[5]

We note, however, that the Texas Supreme Court previously cautioned against law enforcement officers using official authority to enforce personal rights, holding in an 1879 opinion that public policy forbids a sheriff from enforcing a writ of execution for his own benefit. *See Erwin v. Bowman*, 51 Tex. 513, 518 (1879). By analogy, a reserve deputy sheriff who acts as surety for an accused who fails to appear could run afoul of precedent if that deputy then used his official authority to rearrest the accused. *See* TEX. CODE CRIM. PROC. art. 17.08, § 6 (sheriff or other peace officers must rearrest accused in the event he or she fails to appear before court named in bond). Like a sheriff seeking to execute a judgment for personal gain, a reserve deputy sheriff acting as a surety for an individual who failed to appear has a financial interest in rearresting that individual. A reserve deputy sheriff also has a financial interest in the initial acceptance of such a bond. *See id.* arts. 17.20–.21 (sheriff or other peace officer authorized to accept bail bonds). As such, it would be advisable for the sheriff to limit the scope of the reserve deputy sheriff's authority, particularly with reference to any official performance of duties related to the deputy's bail bonds. *See* TEX. LOC. GOV'T CODE § 85.004(b) (sheriff may limit authority of reserve deputy).

---

[5]Opinions from this office have previously concluded that county judges and commissioners may not act as sureties on bail bonds because the Local Government Code requires these officials to take an additional oath swearing that they will not have an interest in a contract with the county, subject to limited statutory exceptions. *See* TEX. LOC. GOV'T CODE § 81.002(a); *see also* Tex. Att'y Gen. Op. Nos. JC-0121 (1999) at 4 (county judge prohibited from making bail bonds in county where judge presides because of oath), JM-927 (1988) at 2 (county commissioner prohibited from making bail bonds in county where commissioner serves because of oath). This statutorily-required oath is specific to the positions of county commissioner and county judge and does not apply to reserve deputy sheriffs. *See* TEX. LOC. GOV'T CODE § 81.002(a).

# S U M M A R Y

Chapter 17 of the Code of Criminal Procedure establishes the eligibility requirements for sureties on a bail bond made in Andrews County. Assuming a surety satisfies these requirements, we are not aware of any authority that would prohibit a reserve deputy sheriff in Andrews County from acting as a surety on a bail bond or prohibit a sheriff from accepting such a bond.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee