**Ex parte Randall KING.**

**No. 66936.**

Court of Criminal Appeals of Texas, En Banc.

April 1, 1981.

Douglas Tinker, Corpus Christi, E. X. Martin, III and Samuel W. Hudson, III, Dallas, for appellant.

William Mobley, Jr., Dist. Atty. and Bill May, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION

TEAGUE, Judge.

This is an application for writ of habeas corpus wherein petitioner claims the trial court acted unlawfully by revoking his posted bail bond and raising bail from $10,000 to $100,000.

The following facts are not in dispute: On December 5, 1980, petitioner was indicted by a grand jury of Nueces County for the offense of possession of more than four ounces of marihuana. Bail was set at $500,-000, but after a hearing on an application for writ of habeas corpus the trial court ordered bail reduced to $10,000. Petitioner posted this bail. After pre-trial hearings were held in the cause, trial was scheduled for January 26, 1981.

On the date the case was set for trial, January 26, 1981, the trial court granted a motion for continuance based on the fact that Hon. Samuel W. Hudson, III, an attorney at law and a member of the present legislature, had become counsel for petitioner. After the motion for continuance was granted, the trial judge reset the case for trial to June 22, 1981, at 9:00 o'clock a. m., and expressly informed all parties he expected Hudson to be present in court on that date and ready for trial. He also made it known that if Hudson did not appear "I am going to send the Texas Rangers after him." "I expect this legislator to be present personally in Court when this case goes to trial."

The record also reflects the following:
THE COURT: ... That's a long time off [referring to the new trial date], and I'm not sure where this man [referring to the petitioner] might be or what he might be doing by then.[1]
Therefore, I'm revoking his bond and ordering him back to jail.
Mr. Bailiff.

\* \* \* \* \* \*

MR. TINKER: May the record reflect that on each of the occasions that any kind of hearing has been set in this case that Mr. King [the petitioner] has been present as ordered by the Court?
THE COURT: The record reflects that.
Mr. Bailiff, take custody of Mr. King. Put him in jail. His bond is $100,-000.00.

The State argues that the action the trial judge took in revoking and increasing bail was right and proper. We disagree.

When a defendant files a motion for continuance supported by an affidavit under the provisions of Art. 2168a, V.A.T.C.S., the trial court has no discretion and must grant the continuance if it appears to the court that an attorney for the defendant is a member of the legislature and will be or is in actual attendance of a session of the legislature. It is reversible error for a trial judge not to grant a motion for continuance if the motion satisfies the statute as the statute is mandatory by its terms and by interpretation of this Court. See *Cuellar v. State*, 521 S.W.2d 277 (Tex.Cr.App.1975).

We note that Art. 17.09, V.A.T.C.C.P., provides that where a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action. However, if the trial judge in whose court such action is pending finds that the bond is *defective, excessive* or *insufficient* in amount, or that the sureties, if any, are not acceptable, *or for any other good and sufficient cause, then a new bail bond may be required.* There is no evidence in this record to explain the action of the trial judge revoking the posted bail bond and increasing bail, other than his apparent displeasure with counsel's filing the motion for continuance and he having

---

1. There is no provision in our law permitting the trial court to impose pre-trial conditions on bail of an accused person as there is with bail on appeal. Art. 44.04(c), V.A.T.C.C.P., hereafter referred to as C.C.P.

We do not reach the question of whether a change of residence or employment of an ac-

cused person on bail might justify increasing bail, see Art. 17.09, infra, for there is no evidence in this record to show petitioner even contemplates a change of residence or employment.

to grant same under law. That does not constitute good and sufficient cause to revoke the bail posted by petitioner or to increase the amount of bail.

We conclude that the trial judge erred in ordering the petitioner's posted bail bond revoked and bail increased to $100,000 from $10,000. The cause is properly before this Court. See *Ex parte Spaulding,* 612 S.W.2d 509, 1981. The January 26, 1981, order of the trial judge raising bail to $100,000 is vacated and the original bail bond is reinstated.

It is so ordered.