# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00104-CR

### Steven Hernandez, Appellant

### v.

### The State of Texas, Appellee

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-15-0015-HC, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING**

---

## O P I N I O N

On September 25, 2014, appellant Steven Hernandez was arrested for aggravated robbery; his bond was initially set at $75,000. On December 18, the trial court released Hernandez, who had not yet been indicted, on a $25,000 personal recognizance bond. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1) (felony defendant who is detained pending trial must be released if State is not ready for trial within ninety days); *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.) ("The State cannot announce ready for trial when there is no indictment."). On January 6, 2015, Hernandez was indicted, the State filed a "Motion to Increase Bond," and the trial court held an ex parte hearing and signed an order requiring Hernandez to post a $75,000 bond. On January 8, Hernandez filed an objection to the ex parte hearing, and the trial court held a second hearing, this time with Hernandez's counsel's participation. During that hearing, Hernandez also

filed an "Application for Writ of Habeas Corpus Seeking Bail Reduction and/or Reinstatement of Bail Set Pursuant to Article 17.151." The trial court denied relief, and Hernandez appealed.

Article 17.151 requires a person who is detained in jail and accused of a felony offense to be released on personal bond or through the reduction of bail if the State is not ready to proceed to trial within ninety days of the beginning of his detention. Tex. Code Crim. Proc. art. 17.151, § 1(1); *Ex parte Gill*, 413 S.W.3d 425, 429 (Tex. Crim. App. 2013) (quoting *Rowe v. State*, 853 S.W.2d 581, 582 & n.1 (Tex. Crim. App. 1993)). In such a situation, the trial court may not consider any factors outside of those in article 17.151, such as the factors enumerated in article 17.15, which explains how a trial court should generally exercise its discretion in setting bail. *Gill*, 413 S.W.3d at 429-30; *see* Tex. Code Crim. Proc. art. 17.15. The only questions to be answered in this appeal are (1) whether the trial court, having ordered Hernandez released on a personal bond under article 17.151, had the authority to revisit the issue later under article 17.09, *see* Tex. Code Crim. Proc. art. 17.09, § 3, and (2) if so, whether the court abused its discretion in its order.[1] We hold that the court had the authority to revisit the issue of bond and did not abuse its discretion in reinstating the original $75,000 bond.

The code of criminal procedure grants a trial court the ongoing authority to manage a defendant's bond and terms of release. *See id*. art. 17.09. Article 17.09, titled, "Duration; original

---

[1] Hernandez states that his issues are (1) that the trial court improperly raised his bond during the ex parte hearing and (2) that the court erred when it refused to reinstate his personal bond because the State had not shown a material change in circumstances since his December release. The substance of his complaints is whether the State adequately supported its request for a "bond increase," whether the trial court could consider the safety of the community or victim when article 17.151 is implicated, and whether the court's handling of the issue rendered article 17.151 meaningless.

2

and subsequent proceedings; new bail," provides that, once a defendant has given bail, he cannot be made to post another bond in the same action except that, if the trial court determines that the bond is defective, excessive, or insufficient, or for other good and sufficient cause, the court may "order the accused to be rearrested, and require the accused to give another bond in such amount as the [trial court] may deem proper." *Id*. art. 17.09, §§ 2, 3.

Article 17.09 also provides that, "[n]otwithstanding any other provision of this article," a trial court may not order the defendant rearrested or to post a higher bond because the defendant withdrew his waiver of his right to counsel or sought the assistance of counsel. *Id*. § 4. By stating that a trial court is barred from imposing a higher bond *only* in a case in which the defendant seeks the assistance of counsel, article 17.09 impliedly allows the trial court do so for other reasons, such as a reevaluation of the circumstances and the adequacy of a defendant's bond. Further, holding that a trial court could never revisit the issue after a defendant is released under article 17.151 could lead to an absurd result such as a trial court, despite being presented with overwhelming evidence that a defendant is guilty of a grievous felony and both poses a serious flight risk and risk to the victim or the community, being unable to order the defendant back into custody or order a bond increased to a sufficient level.

We therefore conclude that, although a defendant is entitled to release under article 17.151 if the State is not prepared for trial by a certain date, the trial court maintains the discretion to revisit the issue of bond and release at a later date, given sufficient cause to do so.

We now turn to whether the trial court abused its discretion in reinstating Hernandez's original bond. Upon his initial release on bond, Hernandez was ordered to wear an ankle monitor

3

and comply with a curfew, and the evidence was that he had not violated the terms of his release. Hernandez argued in the January 8 hearing that the State had established no reason to raise the bond and that, other than the issuance of the indictment, nothing had materially changed since his release in December. The State responded that DNA test results on a shirt found near the scene linked Hernandez to the crime and that the State was ready for trial. In its findings of fact, the trial court stated that it increased Hernandez's bond and denied his request for habeas relief after "[t]aking into account the fact the case had been indicted, the allegations in the probable cause affidavit, the DNA evidence, the threat to the victim of the crime, the threat to the community, the aggravating factors of the offense, and the likelihood of the defendant appearing for trial."

Although the DNA report brought forth by the State was dated before Hernandez's December release, the record reflects that the information contained in the report was not shown to the trial court before the January 2015 hearings and, indeed, that evidence would not have been relevant in the December hearing under article 17.151. *See Gill*, 413 S.W.3d at 429-30. However, once Hernandez was indicted, the trial court was within its discretion to consider whether the personal recognizance bond was sufficient in light of the seriousness of the crime (a store clerk was shot in the chest and arrived at the hospital in critical condition), the DNA evidence linking Hernandez to the scene, the safety of the victim and the community at large, and whether Hernandez might be a flight risk. Based on this record, we cannot hold that the trial court abused its discretion in determining that Hernandez's personal recognizance bond was no longer sufficient and in reinstating the original requirement for a $75,000 bond. We affirm the trial court's order denying habeas relief.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:  May 27, 2015

Publish