

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0724-20 & PD-0725-20

## EX PARTE JOSEPH GOMEZ

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS HARRIS COUNTY

KEEL, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, NEWELL, WALKER, and MCCLURE, JJ., joined. YEARY and SLAUGHTER, JJ., concurred.

## OPINION

After Appellant was charged by complaint with two felonies, a magistrate set his bonds at a combined total of $40,000, but the trial court revoked and raised them to $150,000. The court of appeals reversed the trial court's ruling on grounds that the original bonds were not insufficient, and there was no "good and sufficient cause" to revoke them under Article 17.09. *Ex parte Gomez*, 2020 WL 4577148, NOs. 01-20-00004-CR & 01-20-00005-CR, *6–7 (Tex. App.—Houston [1st Dist.] August 7, 2020) (mem. op., not designated for publication). We granted review to answer whether a bond

may be revoked as insufficient in amount under Article 17.09 once bond has been posted. We hold that it may. Accordingly, we reverse the court of appeals' judgment and remand the case to the court of appeals.

## I.  Background

Appellant allegedly entered the home of the complainant without her consent, waited in hiding for her to fall asleep, and then strangled her until others in the house intervened. Shortly after Appellant's arrest a magistrate found probable cause, denied personal bond, and set bail at $25,000 for burglary and $15,000 for assault by impeding breathing. Early the next day Appellant obtained surety bonds in the necessary amounts and was released from jail.

The same morning he was released on bond Appellant appeared before the trial court. The trial court revoked his bonds, ordered him rearrested, and set his bail at $75,000 for each charge. No reporter's record was made of that proceeding. A few days later Appellant moved for reinstatement of his bond. The trial court noted that it had heard probable cause and weighed many factors in making a bond determination, and it denied the request.

Appellant filed an application for a writ of habeas corpus seeking reinstatement of his original bonds. At the habeas corpus hearing the trial court found that the decision to revoke bond and increase bail was supported under Article 17.09 Section 3 because the court deemed the original bond insufficient after evaluating the circumstances and the adequacy of the original bond. The trial court stated that it had discretion to increase bail

according to the rules for fixing bail and denied the application.

## II. Court of Appeals' Opinion

The court of appeals held that the trial court was required to find that one of the conditions for revocation in Article 17.09 Section 3 was met and that the trial court made no such finding nor could it do so on the facts before it. *Gomez*, 2020 WL 4577148 at *5. The court of appeals gave two reasons for its holding.

The first reason was that it was "undisputed" that the bonds were not "insufficient in amount" because the magistrate set bail at $40,000 for the two charges, and Appellant gave bonds sufficient "to satisfy the amount of bail that was ordered." *Id.* at *6. The court of appeals referenced "section 1 of article 17.09" in this part of its opinion, but we assume it meant Section 3 because Section 1 does not address bond revocation or insufficiency whereas Section 3 does.

The second reason that the court of appeals held that the bond could not have been revoked and raised was that there was no showing of changed circumstances after the magistrate set bail and before the trial court raised it. *Id.* Because the circumstances had not changed, the "balance of the State's interest in assuring [Appellant]'s presence at trial as compared with the interest in preserving the presumption of innocence" had not changed, so there was no "other good and sufficient cause" to support the trial court's ruling. *Id.*

The court of appeals then examined two opinions from its sister courts applying the "other good and sufficient cause" clause of Article 17.09 Section 3. *Id.* at *6–7. In

both cases, the defendant's bond was revoked and increased after new facts altered the analysis: in one case new indictments were obtained, and in the other the defendant was indicted, and new physical evidence was available. *See Liles v. State*, 550 S.W.3d 668, 669 (Tex. App.—Tyler 2017, no pet.); *Hernandez v. State*, 465 S.W.3d 324, 327 (Tex. App.—Austin 2015, pet. ref'd). The court of appeals contrasted the lack of new facts in this case with the new facts in those cases to support its holding that there was no good and sufficient cause to revoke bond here. *Gomez*, 2020 WL 4577148 at *6–7. Consequently, the court of appeals reversed the trial court's ruling. *Id.*

## III. Articles 17.09 and 17.15

Article 17.09, in relevant part, lays out the "one bond rule" and its exceptions. Generally, a defendant who has posted bond may not be required to post another bond in the same criminal action. Tex. Code Crim. P. art. 17.09 § 2. However, if the judge or magistrate "finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause," the court may order the defendant rearrested and require the defendant to "give another bond in such amount as the judge or magistrate may deem proper." Tex. Code Crim. P. art. 17.09 § 3. Chapter 17 does not define "insufficient" bond, but Article 17.15 sets out rules for fixing the amount of bail. Tex. Code Crim. P. art. 17.15.

Article 17.15 grants discretion to the court in setting the "amount of bail" and governs the court in the exercise of that discretion by

the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. P. art. 17.15. Rule number three's "nature and circumstances" of the case implicate the range of punishment. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). Other relevant factors include the defendant's employment history, family ties, length of residency, criminal history, previous bond compliance, other outstanding bonds, and aggravating facts of the charged offense. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981).

A trial court's ruling setting the amount of bail is reviewed for an abuse of discretion. *See* Tex. Code Crim. P. art. 17.15 (granting discretion); *Ex parte Sierra*, 514 S.W.2d 760, 761 (Tex. Crim. App. 1974) (reviewing for abuse of discretion). The burden of proof is on the defendant to show that bail is excessive. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). When reviewing a trial court's ruling on a habeas claim, we view the record in the light most favorable to the ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

**IV. Analysis**

The court of appeals made two mistakes. First, it implied a distinction between "bail" and "bond." Second, it conditioned a trial court's authority to revoke and raise bond on "good and sufficient cause." These reasons are unsupported by Chapter 17.

**IV.A. "Bail" versus "Bond"**

The court of appeals stated that the "bail" was set at $40,000 total and that Appellant posted "bond" in that amount, so the bond was not insufficient. *Gomez*, 2020 WL 4577148 at *6. In other words, it understood "bail" as the amount set by the magistrate and "bond" as the amount of security posted by Appellant or his sureties; if the bond equals the bail, then it cannot be insufficient. *Id.* Appellant endorses the distinction between "bail" and "bond" and contrasts statutes that use the phrase "amount of bail" with Article 17.09's reference to the "bond" being defective, excessive, or insufficient in amount. *Compare* Tex. Code Crim. P. art. 17.09 § 3 *with id.* art. 17.091 (setting out required procedures for reducing the "amount of bail"); *id.* art. 17.15 (establishing rules for setting the "amount of bail"); *id.* art. 17.151 (requiring reduction of "amount of bail" in certain circumstances); *id.* art. 17.21 (allowing court in which felony prosecution is pending to "fix the amount of bail"); *id.* art. 17.33 (allowing accused to ask magistrate to review evidence in determining the "amount of bail").

But Chapter 17 uses "bail" and "bond" interchangeably. For example Article 17.01's definition of "bail" references "bond": Bail is "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond." Tex. Code Crim. P. art. 17.01. Article

17.02 defines "bail bond" as "a written undertaking entered into by the defendant and the defendant's sureties for the appearance of the principal therein before a court or magistrate to answer a criminal accusation." *Id.* art. 17.02. Article 17.033 requires the release of certain detainees "on bond, in an amount not to exceed $5,000[.]" *Id.* art. 17.033(a). Certain other detainees "must be released on bond, in an amount not to exceed $10,000[.]" *Id.* art. 17.033(b). A person who cannot get "a surety for the bond" or cannot "deposit money in the amount of the bond" has to "be released on personal bond." *Id.* So, throughout Chapter 17 "bail" and "bond" refer both to the amount set and the security given in that amount.

Article 17.09 also conflates the two terms. In Section 1 the defendant "gives bail" to secure his appearance, and "said bond" shall be binding upon the defendant and his sureties. *Id.* art. 17.09 § 1. In Section 2, "[w]hen a defendant has once *given bail* for his appearance in answer to a criminal charge, he shall not be required to *give another bond* in the course of the same criminal action except as herein provided." *Id.* art. 17.09 § 2 (emphasis added). In both sections, the defendant "give[s] bail" to secure his appearance—a function that Appellant attributes only to bonds—and both sections use the term "bond" in reference backward, where bail is the only logical antecedent: "said bond" and "another bond," respectively. *Id.* art. 17.09 §§ 1, 2.

Reading "bail" and "bond" as distinct and reading "insufficient" as a comparison of the amount set by the court as opposed to the amount of security posted by the defendant would also make Article 17.09 Section 3 nonsensical. A sheriff is not

authorized to release a defendant on a lesser bond than that fixed by the court. *See id.* art. 17.21, 17.22. And if a sheriff did release a defendant on a lesser bond, the defendant would not have posted a bond in an amount deemed proper by a court. Having never posted such a bond, he could not post "another" such. *See id.* art. 17.09 § 3. The only rational definition of "bond" in this context is the amount set.

Appellant cites *In re Tharp*, 351 S.W.3d 598 (Tex. App.—Austin 2011, no pet.), as an example of a case in which the bond was insufficient in amount under Article 17.09 in the sense that he advocates. But the sheriff in that case did not release the defendant on lesser bond than ordered by the court, and *Tharp* was governed by Article 17.02, not Article 17.09. *See* Tex. Code Crim. P. art. 17.02; art. 17.09 § 3. *Tharp* held that the district court abused its discretion in ordering a defendant released on cash bond for a fraction of the amount of bond ordered. *Tharp*, 351 S.W.3d at 600. It directed the district court to vacate its order allowing a ten percent cash bond; it did not order a second bond set. *Id.* at 601. *Tharp*'s holding is not implicated here.

Accordingly, "bail" and "bond" as used in Chapter 17 are interchangeable terms and may refer both to the amount set and the amount posted, depending on context, and the court of appeals erred to draw a distinction between them in Article 17.09.

**IV.B. Insufficient Bond and "Good and Sufficient Cause"**

The question before us is framed as whether the trial court could have found the original bond insufficient. But Article 17.15's explicit grant of discretion means that we must review the trial court's setting of the amount of bond for an abuse of discretion. *See*

*Rubac*, 611 S.W.2d at 849–50 (reviewing bail for abuse of discretion applying Article 17.15); *Sierra*, 514 S.W.2d at 761 (same). Accordingly, our review focuses on whether the bail set is excessive, not whether it is sufficient or insufficient. *E.g.*, *Vasquez*, 558 S.W.2d at 479. If the trial court did not set bail in an excessive amount under Article 17.15, it did not abuse its discretion to find the original bond insufficient under Article 17.09.

The lower court maintained that Article 17.09 requires a showing of "good and sufficient cause" to support a finding of insufficient bond. *Gomez*, 2020 WL 4577148 at *5. It seemed to suggest that the trial court was required to justify its ruling with findings. But Article 17.09 does not require a trial court to justify its ruling; it only requires that the trial court "find" that the bond is insufficient in amount. Tex. Code Crim. P. art. 17.09 § 3.

Appellant cites *Ex parte King*, 613 S.W.2d 503 (Tex. Crim. App. 1981), to support a "good and sufficient cause" requirement for finding bond insufficient. But *King* was not an insufficient bond case; rather, the trial court revoked the defendant's bond because his attorney asked for a legislative continuance. *Id.* at 504-05. That was not a good and sufficient cause. *Id.* at 505.

Insufficient bond, on the other hand, is a good and sufficient cause. Article 17.09 Section 3 allows bond to be revoked if the original bond "is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for *any other* good and sufficient cause." Tex. Code Crim. P. art. 17.09 § 3 (emphasis added). The

final clause is a catch-all, granting the trial court discretion to revoke bond for reasons not enumerated in the statute. In *King* we held that increasing bond because of a continuance request was not a good and sufficient cause; we did not make insufficient bond subject to a "good and sufficient cause" test.

The court of appeals assumes and Appellant argues that absent new facts, the trial court was bound by the magistrate's decision setting the bail amount. Appellant cites the magistrate's limited, concurrent jurisdiction with the district court in setting bail. *See* Tex. Gov't Code § 54.856(a); §§ 54.851–.861 (governing criminal law hearing officers in Harris County and other large counties). He points out that a criminal law hearing officer's limited concurrent jurisdiction includes the power to "determine the amount of bail" and to "admit[] the defendant to bail." *Id.* §§ 54.858(b), 54.856(a)(2).

But Section 54.856 also expressly reserves power in the district court to review and change the hearing officer's decision: "This section does not limit or impair the jurisdiction of the court in which the complaint, information, or indictment is filed to review or alter the decision of the criminal law hearing officer." Tex. Gov't Code § 54.856(b). Subchapters detailing the powers and limitations of magistrates in other counties have comparable rules. *See, e.g.*, *id.* § 54.882(a) ("A referring court may modify, correct, reject, reverse, or recommit for further information any action taken by the magistrate.") (Lubbock county); § 54.912(a) (same, Bexar county); § 54.982(a) (same, Travis county). The limitation on the trial court's authority to revoke bail thus comes from Article 17.09, not the magistrate's limited, concurrent jurisdiction.

Appellant cites Articles 16.16 and 23.11 as support for his argument that the trial court abused its discretion in requiring him to post new bonds.  Tex. Code Crim. P. art. 16.16; art. 23.11.  These statutes require judges under certain circumstances to issue an arrest warrant and require "sufficient bond" when "it is made to appear by affidavit" that the bail taken "is insufficient in amount."  *Id.* art. 16.16; art. 23.11.  Appellant seems to rely on the statutes' requirement of an affidavit to support his claim that the trial court here abused its discretion by raising his bond "on a whim."  However, Articles 16.16 and 23.11 are mandatory statutes:  the court "shall issue a warrant of arrest" and require sufficient security when the statutes are triggered.  *Id.* art. 16.16; art. 23.11.  By contrast, Article 17.09 is a discretionary statute:  the court "may . . . order the accused to be rearrested" and require new bond.  *Id.* art. 17.09 § 3.  The requirements of Articles 16.16 or 23.11 are inapplicable to Article 17.09.

Appellant warns that without a good and sufficient cause test, courts will have unlimited discretion to hold that bonds are insufficient.  But as explained above, we already have a test to rein in trial-court discretion when setting bond.  Inherent in a review of the Article 17.15 factors is a review for arbitrariness:  by the terms of Article 17.15, a trial court must consider relevant circumstances, and its discretion does not allow it to use bail as an instrument of oppression or to ignore the accused's ability to pay.  *See* Tex. Code Crim. P. art. 17.15 §§ 2, 3, 4.  And while appellate review gives deference to the trial court, the appellate courts are not powerless to reverse the trial court when it abuses its discretion—indeed, that is precisely the purpose of appellate review.  Thus, if

the record shows a trial court arbitrarily found "insufficient bond," the trial court's action would be a reversible abuse of its discretion.

## V. Conclusion

It is undisputed that the original bail amount was set at $40,000 and that Appellant posted bail in accordance with that amount, but the issue is whether the trial court abused its discretion raising it to $150,000. Because the court of appeals did not answer that question, we remand the case to it to conduct that analysis consistent with this opinion and to address Appellant's remaining points of error, if necessary.

Delivered: June 9, 2021

Publish