**Ex parte Carl Gene DEATON.**

**No. 61136.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 13, 1979.

Ronald R. Waldie, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Bradley K. Lollar and C. Wayne Huff, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

This is an appeal from an order denying appellant relief made following a hearing in a habeas corpus proceeding in the trial court. In such hearing appellant sought unsuccessfully to have the trial court rescind its order requiring that his $15,000 appeal bond be a cash bond rather than an undertaking supported by sureties.

Appellant was found guilty by a jury on February 7, 1979, and his punishment was assessed at 10 years. On February 19, 1979 sentence was pronounced and at the conclusion of same the court stated "I am continuing the $15,000 bond for the purpose of appeal." On March 12, 1979 appellant's motion for new trial was overruled. At this hearing the court noted that it had an affidavit of the surety to surrender the principal. The prosecutor asked the court to take into consideration in setting bail information he had received from the bailiff that appellant had made verbal threats toward the prosecutor. The court then ordered that it was "going to make this a $15,000 cash bond for appeal purposes."

At the habeas corpus hearing on March 16, 1979 it was developed through testimony from appellant that he had been free on a $15,000 surety bond from the time of his arrest until the time that the court required a cash bond at the motion for new trial hearing, and that appellant could make another surety bond in that amount but that it was impossible for him to make a cash bond. Ted Ladinski, an employee of Triple A Bail Bonds in Denton, testified that appellant had been working in the Longview office of the same company and that he was prepared to make a surety bond for him in the amount of $15,000. Wayne Wilkins, the bailiff at appellant's trial, overheard what he "would consider to be a threat" toward the prosecutor. Wilkins stated that appellant was "agitated at the time" when he stated that the prosecutor was not concerned with dispensing of justice and "that

he wanted to see Mr. Robinson [prosecutor]."

Article 44.04, V.A.C.C.P.[1] provides in pertinent part:

"(c) Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

"(d) After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which trial was had may increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or the defendant."

There is no question but what the court has authority to increase or decrease the amount of bail pending appeal pursuant to Article 44.04(d), supra. This is not the issue presented herein. We are confronted with the question of whether the court can require cash bail pending appeal?

Article 17.02, V.A.C.C.P., "Definition of 'bail bond'" provides:

"A 'bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the

---

1. In *Ex Parte Briones*, 563 S.W.2d 270 this Court held that the provisions of Article 44.-04(c), V.A.C.C.P. rather than Article 42.09, V.A. C.C.P., shall be applied to determine whether to grant or deny bail pending appeal.

court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same. Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court."

In the Interpretative Commentary following Article 17.01, V.A.C.C.P. the Honorable W. A. Morrison makes the following observation concerning cash bail which was authorized for the first time in Article 17.-02, supra:

"Members of the Committee were disturbed by cases where people of means who were capable of posting a cash bond, but who were away from home when arrested and were required under the existing statutes to pay a professional bondsman an exorbitant fee in order to make bail."

Article 17.02, supra, provides that the defendant *may deposit* money in the amount of the bond *in lieu* of having sureties signing same. The language of the statute as well as the commentary regarding same makes it clear that the Legislature intended that a defendant be given the option or privilege under Article 17.02, supra, of posting cash in lieu of having sureties sign the bond. It does not grant to the court the authority to deny a defendant the right of posting a surety bond in a bailable case. The authority granted the court in Article 44.04, supra, to "impose reasonable conditions on bail pending the finality of his conviction" does not vest the court with the discretion to require a cash or surety bond to the exclusion of the other. The State appears to urge that since the court could deny bail pending appeal under Article 44.-04(c), supra, ("if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail") it could use the requirement of cash bail to deny appellant an appeal bond. While the State is correct in urging

that bail can be denied upon proof of the required conditions set forth in Article 44.-04(c), the requirement of cash bail cannot be used as a means to that end.

We hold that the trial court did not have authority to require appellant to have a cash bond pending appeal rather than a bond supported by sureties. In the absence of the required proof enabling the court to deny bail under Article 44.04(c), supra, the court shall set bail pending appeal in accordance with the statutes of this State and the requirements of this opinion.

It is so ordered.