Ex parte Narcisso **RODRIQUEZ**.

No. 61785.

Court of Criminal Appeals of Texas, Panel No. 2.

July 18, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order refusing to reduce bond. Appellant was charged with the offense of attempted murder.

The complaining witness had been appellant's girl friend. She testified that she was in a bar when appellant stabbed her with a knife on the left side of the head and that he cut her twice on the right arm and twice on the left arm. He then started walking away. When she asked why he did it, he returned and cut her under the heart. He told everyone in the bar that he was ready to fight them. It took around eighty stitches to sew up the wounds. She testified that he was intoxicated.

Bond had been set at $25,000 cash. Appellant testified that he could not post a $25,000 cash bond, that it was possible that he might make a $10,000 surety bond.

Article 17.02, V.A.C.C.P., defining a bail bond, provides as follows:

"A 'bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same. Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court."

It can be seen that cash bail was provided at the option of the accused.

Without deciding if the $25,000 cash bond is excessive, we hold that the provision of the order that such bond shall be posted in cash is not authorized under Article 17.02, supra. See *Ex parte Deaton*, Tex.Cr.App., 582 S.W.2d 151 (1979). A reasonable surety bond should be assessed by the hearing judge.

Accordingly, the judgment is reversed and the cause is remanded.