

# The Attorney General of Texas

October 22, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable H. Tati Santiesteban
Chairman
Natural Resources Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No. JM-363

Re: Authority of a judge to restrict the type of bail available to a defendant

Dear Senator Santiesteban:

You have requested our opinion regarding the authority of a magistrate to restrict the type of bail available to an accused. Article 17.01 of the Code of Criminal Procedure defines "bail" as

> the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and <u>includes a bail bond or a personal bond.</u> (Emphasis added).

Thus, "bail" is merely an undertaking by an accused, for the purpose of effecting his release. It can take at least two forms under the statute, a "bail bond" or a "personal bond." These two kinds of bail do not appear to be exclusive and, given the magistrate's broad discretion in fixing bail, other forms of security may be authorized. See V.T.C.S. art. 1715.

One form of "security" specifically authorized is the bail bond described in article 17.02:

> A 'bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States <u>in the amount of the bond in lieu of having sureties signing the same. . . .</u> (Emphasis added).

Another form of "security" specifically authorized is the personal bond described in article 17.03:

The court before whom the case is pending may, in its discretion, release the defendant on his personal bond without sureties or other security.

In light of these considerations, you ask:

1. May the court require a defendant to post bail in cash only?

2. May the court set the amount of bail but agree to accept a cash percentage in lieu of that amount?

3. May the court set a differential bail amount depending upon the type of bond, i.e., a cash bond of $1,000 or a surety bond of $10,000?

In Ex parte Deaton, 582 S.W.2d 151 (Tex. Crim. App. 1979), the trial court had ordered a defendant to post "a $15,000 cash bond for appeal purposes." The court of criminal appeals held that

[t]he authority granted the court in article 44.04 . . . to 'impose reasonable conditions on bail pending the finality of his conviction' does not vest the court with the discretion to require a cash or surety bond to the exclusion of the other.

582 S.W.2d at 153. Likewise, in Ex parte Rodriguez, 583 S.W.2d 792 (Tex. Crim. App. 1979), the court of criminal appeals said that a requirement that a bond "be posted in cash is not authorized under article 17.02." 583 S.W.2d at 793. We conclude that a magistrate may not require an accused to post a bail bond in cash only.

As to your second question, bail is by statute the security required by a magistrate and may include a bail bond or a personal bond. We construe your question to inquire whether a court may set a "bail bond" in a certain amount and then agree to accept a lesser percentage in lieu of the face amount of the "bail bond." Although such practice has apparently existed in various Texas jurisdictions, see 7 S. Willson, Texas Criminal Forms, §47.19 (Texas Practice 1977), we do not believe it is authorized by section 17.02. We offer no opinion on the conditions that a magistrate may require in conjunction with the issuance of a personal bond under section 17.03.

Finally, we believe it is clear that a magistrate may not set a "differential bail amount" depending upon whether a cash or surety bond is used. The reasoning of such cases as Deaton and Rodriguez indicates that, if a court fixes bail in the amount of $25,000, it may not, under the terms of article 17.02, require that amount if the bail is satisfied by surety bond, but accept a lesser amount if the bail is

satisfied by cash. We emphasize, however, that articles 17.01 and 17.15 confer upon a court broad discretion, so long as it is reasonably exercised, in setting bail.

## SUMMARY

A magistrate has broad discretion in setting the amount and conditions of bail which an accused must satisfy to obtain his release. He may not, however, require an accused to post bail in cash only, nor may he set a differential bail bond amount depending upon whether a cash or surety bond is given.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Sarah Woelk