**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00227-CR**
**NO. 09-21-00228-CR**

_____

**EX PARTE KEVIN WARE JR.**

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause Nos. 21-04-05652-CR & 21-04-05653-CR

**MEMORANDUM OPINION**

Kevin Ware Jr. appeals the denial of his Application for a Writ of Habeas Corpus following revocation of his bonds for two felony charges for Possession with the Intent to Deliver/Manufacture a Controlled Substance and Unlawful Possession of Firearm by Felon. *See* Tex. Health & Safety Code Ann. § 481.112; Tex. Penal Code Ann. § 46.04(a)(2).

On appeal, Ware raises three grounds for relief. First, he challenges the constitutionality of the trial court's decision to revoke his bond without a hearing, arguing it violated his right to due process under the United States Constitution, the

1

Texas Constitution, and the Texas Code of Criminal Procedure. In his second issue, he contends that the revocation of his bond was initiated by an ex parte communication with the court, thereby violating his right to due process of law. Finally, he argues that he is being held with no bond in violation of the Texas Constitution. We affirm.

## I. Background

In April 2021, after Ware was charged with two separate felonies, the trial court set bond amounts of $20,000 and $3,000 for each charge, respectively. As a condition of his bonds, the trial court required that Ware, among other things, report to the Montgomery County Community Supervision (the Department) for bond supervision immediately after release and periodically thereafter as instructed, to abstain from alcohol or drug use, and not possess any firearm.

On June 9, 2021, the trial court signed an order of the court revoking Ware's bonds that stated the following,

> **Order Of Arrest Capias To Issue; Defendant Failed To Report For Bond Supervision For The Months Of April and May 2021; Defendant Was Known To Be In Possession Of A Controlled Substance On 5-20-2021; Defendant Was Known To Be In Possession Of A Firearm On 4-28-2021 And 5-20-21[.]**

The same day, Ware was taken into custody pursuant to the trial court's revocation order. After Ware's arrest, on June 14, 2021, the State filed a motion for Denial of Bail or to Increase Bail. In the motion, the State alleged that Ware violated the

2

conditions of his bonds by failing to report to the Department for bond supervision in April and May 2021, for possessing a controlled substance, and for possessing a firearm on two occasions. Additionally, the State alleged that Ware was a person of interest in an ongoing investigation regarding the murder of his girlfriend. On June 29, 2021, without holding a hearing, the trial court granted the State's motion and ordered that Ware be held with no bond.

On June 25, 2021, Ware filed an Application for Writ of Habeas Corpus alleging that his bonds were revoked without notice or opportunity to be heard, and that the revocation violated his rights to due process of law, due course of law and article 17.40 of the Texas Code of Criminal Procedure. Ware also argued the trial court's revocation was based on ex parte communication between the Montgomery District Attorney's office and the trial court.

On June 29, 2021, the trial court held an evidentiary hearing on Ware's application for habeas corpus. At the hearing, the State informed the trial court that it was only proceeding on two allegations listed in its motion: first, that Ware failed to appear and report to the Probation Department in April and May of 2021 in violation of his bond conditions and second, that he was in possession of a firearm when he was arrested. The trial court then heard testimony from a Montgomery County probation officer overseeing Ware's bond supervision and an officer with the Montgomery County SWAT team present during Ware's arrest pursuant to the

3

trial court's bond revocation order. The probation officer testified that Ware "never reported for intake for bond supervision[]" after his release on the two bonds in April. The Montgomery County SWAT team officer testified he arrested Ware pursuant to the trial court's signed warrant. He stated that Ware was arrested in a parking lot in Harris County. He watched Ware exit a vehicle and arrested him. After Ware's arrest, they found a small purple handgun in the vehicle's back seat behind the driver, in the same location where Ware was seated before his arrest.

The defense called three witnesses, (1) a prosecutor with the Montgomery County District Attorney's office to discuss the alleged ex parte communication with the trial court that led to the order of revocation, (2) the deputy who initially arrested Ware in April 2021, and (3) another deputy who conducted a K9 search of Ware's vehicle during the April arrest.

At the hearing's conclusion, the trial court maintained its order that Ware be held in the county jail with no bond until trial. The trial court's stated reason was concern for the safety of the community since Ware had a new firearm charge in Harris County and because he had violated the conditions of his previous bonds by not reporting to the probation department upon release. The trial court then denied Ware's Application for Writ of Habeas Corpus. Ware timely filed this appeal challenging the trial court's denial of his Application for Writ of Habeas Corpus.

4

## II. Issues One and Two

In his first and second issues, Ware presents arguments complaining of the initial revocation of his bonds by the trial court.

### A. Bond Revocation without Notice or a Hearing

In his first issue, Ware argues the trial court violated his right to due process of law, due course of law, and article 17.40 of the Texas Code of Criminal Procedure by revoking his bond without notice or an opportunity to be heard. The issue before us though, is not whether the trial court erred when it initially revoked his bond or when it denied bond after the State filed its motion to increase or deny bond, but whether the trial court erred when it denied his Application for Writ of Habeas Corpus. But the existence of any error in those instances does not resolve the issue of any error in the appeal before us today. *See Ex parte Werne*, 118 S.W.3d 833, 836 (Tex. App.—Texarkana 2003, no pet.).

In *Werne*, while the court of appeals left the possibility open that error in a bond proceeding could be "so great as to fatally corrupt a later proceeding[,]" such is not the case here. *Id*. at 837. Although the trial court in *Werne* was held to have erred in its first habeas proceeding, the error was rectified when the relator was afforded a later proceeding, even if that proceeding resulted in six weeks of "unnecessary" incarceration. *See id*. Our sister court of appeals concluded that the error did not contaminate the later proceeding, which followed proper procedures.

*Id.* at 837-38. Similarly, despite any allegation of trial court error in the initial revocation of his pretrial bond and the trial court's decision to deny him further bond, Ware was ultimately afforded due process in the form of the hearing on his Application for Writ of Habeas Corpus. *See id.*; *see also Ex parte Nelson*, 546 S.W.3d 742, 749 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (noting that a defendant cannot use a subsequent habeas proceeding to challenge issues in a prior habeas proceeding). Ware's issue is, therefore, moot as Ware was afforded due process when the trial court held an evidentiary hearing regarding his Application for Writ of Habeas Corpus. As such, we may only address appellate issues arising from the hearing of Ware's Application for Writ of Habeas Corpus. We dismiss his first issue on appeal.

**B. Revocation Based on Ex Parte Communication**

Similarly, in his second issue, Ware presents arguments to this Court regarding the initial revocation of his bonds. Ware argues the trial court's revocation was predicated on ex parte communication that violated his due process of law. According to Ware, the trial court relied on information supplied by a Montgomery County Assistant District Attorney (ADA) that was forwarded to a probation officer, "with an expectation or understanding that the information would be passed on to the Court and used to revoke [his] bonds." This information was never communicated to Ware before his bonds were revoked.

6

As with his first issue, Ware continues to attack the trial court's initial revocation of his bonds, although he has only appealed the trial court's denial of his Application of Writ of Habeas Corpus. As discussed above, we may not consider whether the trial court erred with the initial bond revocations because Ware was afforded a full evidentiary hearing regarding his bonds after he filed his Application of Writ of Habeas Corpus. *See Werne*, 118 S.W.3d at 836–87.

Even if we construe Ware's brief liberally and apply his argument to the habeas proceeding, we are unpersuaded that Ware was denied bond due to an alleged ex parte communication. *See* Tex. R. App. P. 38.9. First, the State informed the trial court at the habeas hearing that it was only going forward on charges that Ware failed to report to the probation department for bond supervision as required by his initial bond conditions and in possession of a firearm when he was arrested pursuant to the trial court's order, allegations which did not arise from any alleged ex parte communication. At the hearing, an ADA testified that he received an email from a Harris County Detective inquiring if the district attorney's office was going to seek revocation of Ware's bond because of new charges brought against him in Harris County. The email from the ADA to the probation officer was admitted into evidence under seal. The ADA testified he forwarded the email from the Harris County detective to the probation officer to "notify her of these concerns with Mr. Ware -- Mr. Ware's activities while on bond for our cases." He stated that he did not know

7

if the probation officer would communicate the information to the court. The ADA provided the following explanation regarding his actions in forwarding the information to the probation officer.

> In these situations where we have a defendant that is not represented by counsel and appears by all appearances to be absconding from court, I guess -- and after having these concerns be brought to my attention, I think I have a public duty to the safety of the community to communicate that with the individual with the probation -- that oversees the probation department that is assigned to this court.

The information provided by the ADA to the probation officer was in the order revoking Ware's probation, along with the violations that Ware failed to appear for bond supervision. The revocation order stated the following,

> **Order Of Arrest Capias To Issue; Defendant Failed To Report For Bond Supervision For The Months Of April And May 2021; Defendant Was Known To Be In Possession Of A Controlled Substance On 5-20-2021; Defendant Was Known To Be In Possession Of A Firearm On 4-28-2021 And 5-20-21.**

Regardless of how the trial judge came to know of the further allegations against Ware, the trial court did not abuse its discretion at the habeas proceeding by denying further bond to Ware because he breached the conditions of his initial pretrial release bonds by failing to appear before the probation department for bond supervision as the probation officer confirmed and when he was found to be in possession of a firearm during his re-arrest in June. Ware does not dispute these allegations, nor does he challenge the trial court's authority to revoke solely on those issues. Ware's only response comes in his reply brief that absent the allegations

8

made by the ex parte communication, "the trial court would not have the authority to hold Ware without bond." We disagree. A trial court has authority to revoke a bond when a defendant violates one of his terms of his bond conditions. *See* Tex. Code Crim. Proc. Ann. art. 17.09 § 3 ("[T]he judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may . . . order the accused to be rearrested[.]"); *see also Ex parte Berry*, Nos. 09-14-00519-CR, 09-14-00520-CR, 2015 WL 4760187, at \*3 (Tex. App.—Beaumont Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (noting the trial court has "considerable discretion" under article 17.09, and we will not disturb the decision unless the trial court has abused its discretion). As such, the trial court was well within its discretion to revoke Ware's bond based on allegations he violated the conditions of his release on bond. *See Ex parte Tello*, Nos. 05-05-00814-CR, 05-05-00815-CR, 0505-00816-CR, 2005 WL 2009570, at \*2 (Tex. App.—Dallas Aug. 23, 2005, pet. dism'd) (not designated for publication) (noting trial court was within discretion to revoke bond based on violations of conditions the defendant failed to complain of). We overrule Ware's second issue.

### III. Issue Three

In his final issue, Ware argues the trial court violated the Texas Constitution when it ordered that he continue to be held without bond after the evidentiary hearing on his Application for Writ of Habeas Corpus. Ware relies upon Article I, section 11 of the Texas Constitution, which provides that all prisoners shall be bailable, except in capital offenses when proof is evident. Tex. Const. art. I § 11.

In reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). But when there are no disputed facts and the resolution of the ultimate issue turns on an application of purely legal standards, as here, our review is de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). "We will uphold the trial court's judgment if it is correct on any theory of law applicable to the case." *Ex parte McIntyre*, 558 S.W.3d 295, 299 (Tex. App.—Fort Worth 2018, pet. ref'd).

An appearance bond secures the presence of a defendant in court for trial. *Ex parte Rodriguez*, 583 S.W.2d 792, 793 (Tex. Crim. App. 1979). The trial court

should set bail in an amount that is sufficient to provide reasonable assurance the defendant will appear at trial, but not so high as to be oppressive. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). The right to be free from excessive bail is protected by the United States and Texas Constitutions. *Ex parte Melartin*, 464 S.W.3d 789, 792 (Tex. App.–Houston [14th Dist.] 2015, no pet.) (citing U.S. CONST. AMEND. VIII; Tex. Const. art. I, § 11).

When deciding to "no bond" Ware, the trial court stated,

I am granting the State's motion. Defendant is being set at no bond. The Court is concerned about the safety of the community. The fact that the new charge I believe that it is going to be in Harris County relates to a possession -- alleged possession of another firearm -- in addition to just not reporting and complying with my terms and conditions of bond.

The terms and conditions of bond which were given to him whenever he was arrested clearly state that he has to report to the probation department upon his release from custody for intake. I have had testimony that he did not do that. To avoid injurious or vicious habits and persons of disreputable character, commit no new offenses against the laws of the State of Texas, give drug specimens upon request -- he is not in compliance with that -- and no firearms on my conditions of bond.

So due to those reasons, I am setting his bond aside and formally placing him at no-bond status.

Relevant to this issue, Ware was found to have violated the bond conditions by failing to report to the Department for supervision. Evidence was also elicited that when Ware was re-arrested on the court's order revoking his bond, he was in possession of a gun, after a gun was found in the same location in the car where he

11

had been seated. *See Ex parte Marcantoni*, No. 14-03-00079-CR, 2003 WL 1887883, at *2 (Tex. App.—Houston [14th Dist.] Apr. 17, 2003, no pet.) (mem. op., not designated for publication) (noting the trial court had "good and sufficient cause" to revoke the appellant's bond because he was charged with drug possession and had ingested drugs while out on bond).

The Texas Constitution authorizes a trial court to hold a defendant without bail if the court determines by a preponderance of the evidence that "the person violated a condition of release related to the safety . . . of the community." Tex. Const. art. 1, § 11b. In full, section 11b provides:

> Any person who is accused in this state of a felony or an offense involving family violence, who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence *at a subsequent hearing* that the person violated a condition of release related to the safety of a victim of the alleged offense or to the safety of the community.

*Id.* (emphasis added).

Here, Ware is charged with the felony offenses of possession with intent to deliver a controlled substance and possession of a firearm by a felon, and the trial court heard testimony that while on bond, Ware was again found in possession of a firearm, in direct violation of his bond conditions. Relevant to our review is whether the conditions he violated related to community safety. The appellant does not directly dispute that he violated a bond condition related to the safety of the

12

community, but rather asserts that he cannot be held at no bond pursuant to section 11b because the trial court did not follow the proper sequence of events. He does not explain why the trial court's determination that he be held without bond at the conclusion of the evidentiary hearing on his Application for Habeas Corpus was in error. Viewing the evidence in the light most favorable to the trial court's decision, we cannot conclude that the trial court abused its discretion by finding that Ware violated bond conditions relating to community safety. We overrule Ware's last issue.

### IV. Conclusion

Having overruled each of Ware's issues on appeal, we affirm the trial court's order in Cause No. 21-04-05652-CR and 21-04-05653-CR.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 23, 2021
Opinion Delivered December 15, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

13